**FILED**

SEP 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITNEY BROWN #42655-080 | § |
| F.C.I. BASTROP | § |
| P.O. BOX 1010 | § |
| BASTROP, TEXAS 78602 | § |
| | |
| VS. | § |
| | |
| UNIT MANAGER: ART MANUEL | § |
| F.C.I., BASTROP | |
| P.O. BOX 730 | § |
| BASTROP, TEXAS 78602 | |
| | § |
| CASE MANAGER: STACY RODDY | § |
| F.C.I., BASTROP | |
| P.O. BOX 730 | |
| BASTROP, TEXAS 78602 | § |
| | |
| CASE MANAGER COORDINATOR | § |
| CHRISTINE MENDOZA | |
| F.C.I., BASTROP | § |
| P.O. BOX 730 | |
| BASTROP, TEXAS 78602 | § |
| | |
| INSTITUTIONAL LAWYER, REGIONAL | § |
| MARTIN SWEANEY | |
| 4211 CEDAR SPRINGS ROAD,SWT.300 | § |
| DALLAS, TEXAS 75219 | |
| | § |
| WARDEN: JOHN B. FOX | |
| F.C.I., BEAUMONT-MEDIUM | § |
| P.O. BOX 26040 | |
| BEAUMONT, TEXAS 77720 | § |
| | |
| REGIONAL DIRECTOR, B.O.P., | § |
| SOUTH CENTRAL REGION | |
| G. MALDONADO JR. | § |
| 4211 CEDAR SPRINGS ROAD,SWT.300 | |
| | § |
| SUPERVISING UNITED STATES | |
| PROBATION OFFICER | § |
| FRANKLIN J. OLVERA | |
| 727 EAST DURANGO BLVD. | § |
| SAN ANTONIO, TEXAS | |
| | § |
| ADMINISTRATOR FOR INMATE | |
| APPEALS: HARRELL WATTS | § |
| BUREAU OF PRISONS, ADMINIS- | |
| TRATIVE REMEDY SECTION | § |
| 320 FIRST STREET | |
| N.W. WASHINGTON, D.C. 20534 | § |

CASE NUMBER  1:06CV01606

JUDGE: Gladys Kessler

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 09/15/2006

  NO._____

**RECEIVED**

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COMPLAINT
---------------

### PETITION FOR RELIEF, SELLERS (id.)
### DOE  V.  UNITED STATES, 821 F. 2d 694 708-709 (D.C. CIR, 1987)
-----------------------------------------------------------------

### TO THE HONORABLE PRESIDING JUDGE OF THE
### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

DEFENDANT-PETITIONER, WHITNEY BROWN, HEREINAFTER PETITIONER, RESPECTFULLY PETITIONS THIS COURT FOR RELIEF. ON THE GROUNDS THAT IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE **UNITED STATES CONSTITUTION**, AS WELL AS **SELLERS (id.) DOE  V. UNITED STATES, 821 F. 2d 694 707-709 (D.C. CIR. 1987)**. THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF TEXAS, COURT AND PROBATION OFFICER FRANKLIN J. OLVERA EXCEEDED IT'S AUTHORITY AND ILLEGALLY UNSEALED THE PETITIONER'S JUVENILE RECORD WITHOUT NOTICE OR OPPORTUNITY TO BE HEARD OR HEARD THROUGH THE **"ASSISTANCE OF COUNSEL FOR HIS DEFENSE"** AS PROCEDURALLY REQUIRED UNDER THE **SIXTH AMENDMENT IN AN EX PARTE HEARING** BETWEEN THE SUPERIOR COURT OF CALIFORNIA JUVENILE COURT, CASE **NUMBER: J21281 (1981)** COUNTY OF MONTERREY, STATE OF CALIFORNIA AND THE PROBATION OFFICE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION, IN **(UNITED STATES  VS. WHITNEY BROWN, CRIMINAL CASE NUMBER: SA-88-CR-281(1)], HEREINAFTER PROBATION OFFICE.**

IN VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE **UNITED STATES CONSTITUTION** AND IN **CONTEMPT OF THE COURT ORDER ISSUED BY THE SUPERIOR COURT OF CALIFORNIA JUVENILE COURT** MR. FRANKLIN J. OLVERA, AND THE PROBATION OFFICE, AN AGENCY OF THE **EXECUTIVE BRANCH OF THE FEDERAL GOVERNMENT** IGNORED, REVISED, OR ALTERED IT'S **"EXPRESS PROMISE THAT [PETITIONER'S JUVENILE RECORDS] WOULD NOT BE MADE PUBLIC"**. IN VIOLATION OF THE SEPARATION OF POWERS DOCTRINE OR TO GIVE THIS COURTS ORDER IT'S FULL FAITH AND CREDIT. AS REQUIRED BY THE **FULL FAITH AND CREDIT CLAUSE OF THE UNITED STATES CONSTITUTION OR FEDERAL STATUTE 28 U.S.C. $1768.** BY MAKING THE PETITIONER'S JUVENILE RECORD AND THE UNDERLYING OFFENSE CONDUCT FACTUAL

BASIS A MATTER OF **"PUBLIC RECORD"** INSERTED IN THE PETITIONER'S
FEDERAL PRESENTENCE INVESTIGATION REPORT (PSR) USED TO ASSESS A
TWO LEVEL UPWARD ADJUSTMENT UNDER **FEDERAL SENTENCING GUIDELINE
USSG 4 A.1.1(b).** IN THE PROBATION OFFICE CASE, BASED IN PART, THE
MATERIAL OMISSION OF THE DATE OF RELEASE FROM THE CALIFORNIA YOUTH
AUTHORITY (CYA). IN THE JUVENILE ADJUDICATION, A DUE PROCESS VIOLAT-
ION AND THE DOUBLE JEOPARDY CLAUSE OF THE **FOURTH AND FOURTEENTH A-
MENDMENTS OF THE UNITED STATES CONSTITUTION** CLEARLY ESTABLISHED
**SUPREME COURT PRECEDENTS, TOWNSEND VS.  BURKE, 344 US 736 (1948)
AND ASHE  VS.  SWENSON, 397 US 436 (1970) RESPECTIVELY.** THE CON-
STITUTIONALLY TAINTED JUVENILE ADJUDICATION INFORMATION, NAMELY THE
UNDERLYING OFFENSE CONDUCT FACTUAL BASIS REMAINS IN THE **PETITIONER'S
(PSR)** AND IS BEING USED BY HIS **UNIT TEAM, ART MANUEL-UNIT MANAGER,
STACY RODDY-CASE MANAGER, LARRY GORDON-COUNSELOR, AND THE FEDERAL
BUREAU OF PRISONS** TO MAKE ADVERSE DETERMINATIONS REGARDING THE
PETITIONER'S SECURITY AND CUSTODY CLASSIFICATION, BECAUSE THE UNDER
LYING OFFENSE CONDUCT IS BEING CATEGORIZED AS A CRIME OF VIOLENCE,
AND IS SUBJECTING THE PETITIONER TO **"RUN THE GAUNTLET A SECOND TIME".
ASHE  VS.  SWENSON, SUPRA, 397 US AT 446 (QUOTING GREEN  VS  UNITED
STATES, 355 US 184) (ASHE COURT HELD THAT DOUBLE JEOPARDY CLAUSE IN-
CORPORATES COLLATERAL ESTOPPEL AS A CONSTITUTIONAL REQUIREMENT),
(BRENNA,J. AND DOUGLAS, J. CONCURRING) ASHE AT 448-449.**

BY THIS VERIFIED PETITION, AND COMPLAINT, PETITIONER SETS FORTH
THE FOLLOWING FACTS AND CAUSES FOR THE ISSUANCE OF RELIEF.

1. PETITIONER IS UNCONSTITUTIONALLY AND UNLAWFULLY HELD IN
   CUSTODY AT THE BASTROP FEDERAL CORRECTIONAL INSTITUTION
   (BASTROP F.C.I.) BASED IN PART ON THE GROUNDS ASSERTET
   HEREIN AND THE SUPERIOR COURT OF CALIFORNIA JUVENILE COURT
   COUNTY OF MONTERREY, CALIFORNIA, MR FRANKLIN J. OLVERA,
   **UNITED STATES SUPERVISING PROBATION OFFICER,** UNILATERALLY
   BREACHED THEIR CONSTITUTIONAL DUTY TO ASSURE THAT THE PET-
   ITIONER BE ACCORDED THE **DUE PROCESS OF LAW MANDATED BY THE
   FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CON-
   STITUTION** BEFORE UNSEALING THE JUVENILE ADJUDICATION

RECORDS REQUESTED BY THE PROBATION OFFICE IN **JUVENILE COURT CASE NUMBER J21281, IN A SECRET OR EX PARTE PRO-CEEDING.**

2. THE CONSTITUTIONAL INFIRMITIES CAUSED IN PART, AND CON-TINUE **ADVERSE COLLATERAL CONSEQUENCES,** IN THE FORM OF (1.) THE UNLAWFUL IMPOSITION OF A TERM OF IMPRISONMENT OF 360 MONTHS UNDER AN INCORRECT SENTENCING GUIDELINE RANGE IN **UNITED STATES VS. WHITNEY BROWN, SA-88-CR-281 (1).** AND (2) IS BEING USED AND RELIED UPON BY THE **FEDERAL BUREAU OF PRISONS (BOP)** TO MAKE ADVERSE DETERMINATIONS REGARDING THE PETITIONER'S SECURITY AND CUSTODY CLASSI-FICATION UNDER **BOP PROGRAM STATEMENT 5100.07, SECURITY DESIGNATION AND CUSTODY CLASSIFICATION MANUEL (1999).**

3. THIS COMPLAINT IS LODGED AGAINST MRS. STACY RODDY, CASE MANAGER, MR. ART MANUEL-UNIT MANAGER, MRS. CHRISTIANA MENDOZA-CASE MANAGER COORDINATOR, MR. MARTIN SWEANEY-INSTITUTIONAL LAWYER, MR. JOHN FOX-WARDEN, MR. G. MALDO-NADO, JR.-REGIONAL DIRECTOR, MR. HARRELL WATTS-CENTRAL ADMINISTRATOR FOR NATIONAL INMATE APPEALS. THE COMPLAINT IS FOR **DERELICTION OF DUTY UNDER PROGRAM STATEMENT 5800. 11,** INMATE CENTRAL FILE, PRIVACY FOLDER, AND PAROLE MINI-FILES. WHEN I COMPLAINED ABOUT IN-ACCURATE INFORMATION REGARDING A CALIFORNIA JUVENILE CONVICTION CONTAINED IN PARAGRAPH 35 OF MY PRESENTENCE INVESTIGATION REPORT (PSI). MRS. RODDY AND THOSE POINTED OUT IN THIS PETITION USED THE DISPUTED INFORMATION IN AN ADVERSE DECISION DENYING ME PLACEMENT TO A BOB FEDERAL PRISON CAMP. I THEN SUBSEQUENTLY APPEALED **(ADMINISTRATIVE REMEDY NO 391136-A1)** SEE EXHIBITS WHICH IS A STEP BY STEP ACCOUNT, THAT LEADS UP TO THIS POINT.

IN EXPLAINING THE REASONS FOR DENIAL OF MY NATIONAL APPEAL, MR. HARRELL WATTS, BOP ADMINISTRATOR OF THE NATIONAL APPEALS FOR INMATES, EXPLAINED BOP PROCEDURAL AND POLICY REQUIREMENTS WHEN AN INMATE COMPLAINS ABOUT **"INACCURATE INFORMATION"** IN THEIR PSI. IN

RELEVANT PART, MR. WATTS STATES.

"P.S. 5800.11 ALSO STATES THAT IF AN INMATE CHALLENGES INFOR-
MATION IN THE PRESENTENCE INVESTIGATION REPORT (PSI), STAFF SHOULD
INFORM THE APPROPRIATE U.S. PROBATION OFFICE (USPO) IN WRITING OF
THE DISPUTED INFORMATION, AND REQUEST THAT A WRITTEN RESPONSE ALSO
BE PROVIDED. IF THE USPO SUBSEQUENTLY REPORTS THAT THE CHALLENGED
INFORMATION, OR SOME PART THEREOF IS NOT ACCURATE, STAFF SHALL
ATTACH THE BUREAU'S INQUIRY AND THE USPO RESPONSE TO THE CHALLENGED
DOCUMENT." (SEE EXHIBITS A ATTACHED)

UPON RECEIVING MY NATIONAL APPEAL RESPONSE, I BECAME AWARE OF
BOP POLICY AND PROCEDURAL REQUIREMENTS OF P.S. 5800.11, WHICH MY
UNIT TEAM, ART MANUEL-UNIT MANAGER, MRE. STACY RODDY-CASE MANAGER,
FAILED TO PERFORM. FUTHERMORE, MRS. RODDY AND THE BOP STAFF USED THE
DISPUTED INFORMATION IN MY PSI TO DENY ME PLACEMENT IN A FEDERAL PRI-
SON CAMP WITHOUT CONDUCTING THE MANDATED "BUREAU INQUIRY." Id.

WHILE MY ADMINISTRATIVE APPEAL WAS PENDING AT A SUBSEQUENT SIX
MONTH TEAM REVIEW, MRS. RODDY ALLUDED TO THE FACT THAT I HAD "FILED
AN ADMINISTRATIVE REMEDY ACTION ON HER". THAT BEING A PART OF THE
REASON FOR DENYING PLACEMENT IN A CAMP--A RETALIATORY BASIS WHICH
EXPLAINS HER INACTIONS IN CONDUCTING A "BUREAU INQUIRY" AND AN AD-
MINISTRATIVE ACT WITH P.S. 3420.09(C)(7) LACK OF IMPARTIALITY IN CON-
FLICT WITH HER DUTY UNDER P.S. 5800.11 ON MY BEHALF.

SUCH UNETHICAL PROFESSIONAL CONDUCT IS UNBECOMING OF AN OFFICER
AND EMPLOYEE OF THE EXECUTIVE BRANCH OF THE UNITED STATES GOVERNMENT
UNDER STANDARDS OF ETHICAL CONDUCT FOR EMPLOYEES OF THE EXECUTIVE
BRANCH, TITLE 5 CFR §2635 AND BOP P.S. 3420.09.

ALTHOUGH MR. WATTS CLAIMS THAT "STAFF HAS INCLUDED A LETTER IN
YOUR CENTRAL FILE FROM THE SUPERVISING USPO, WESTERN DISTRICT OF TEXAS"
THAT STATEMENT IS MISLEADING, BECAUSE IT WAS I, AND NOT "STAFF", WHO
WROTE TO THE USPO AFTER MRS. RODDY AND "STAFF" MADE THE ADVERSE DE-
CISION DENYING MY PLACEMENT TO A FEDERAL PRISON CAMP. STAFF ON ALL
ADMINISTRATIVE LEVELS HAVE IMPEDED MY EFFORTS, TO RIGHT A WRONG.

4.  PETITIONER SUBMITS EXHIBITS A ATTACHED IN SUPPORT OF HIS COM-
    PLAINTS, SHOWING THIS COURT A STEP BY STEP ACTIONS HE HAS FILED.

5.  PETITIONER IS ASKING FOR MONETARY DAMAGES FOR THE **SUM OF TEN
    THOUSAND DOLLARS ($10,000.00) FROM EACH PERSON NAMED IN THIS
    COMPLAINT,** FOR MISUSE OF AND MISAPPLIED **4A1.2(d)(A).** PETIT-
    IONER WAS COMITTED TO THE CALIFORNIA YOUTH AUTHORITY FOR A
    TERM NOT TO EXCEED 7 YEARS. THE **UNITED STATES PROBATION OFF-
    ICER ADDED 2 POINTS TO PETITIONER'S CRIMINAL HISTORY SCORE
    FOR THIS CONVICTION UNDER 4 A1.1(B).** THE UNITED STATES PRO-
    BATION OFFICER ERRED IN CALCULATING THE JUVENILE CONVICTION
    IN THE CRIMINAL HISTORY SCORE, IN THE INSTANT CASE. THE COURT
    AND MEMBERS OF THE **BOP ADMINISTRATIVE OFFICERS ERRED IN ADOP-
    TING THE CRIMINAL HISTORY SCORE OF THE PSI.** CRIMINAL HISTORY
    CATEGORY READS IN PERTINENT PART:

> 4A1.1(B)--ADD 2 POINTS FOR EACH PRIOR SENTENCE OF IM-
>             PRISONMENT OF AT LEAST 60 DAYS NOT COUNTED
>             IN (A).

> 4A1.2 <u>DEFINITIONS FOR COMPUTING CRIMINAL HISTORY.</u>
>             (D)--OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN (18)
>             (2)--ADD 2 POINTS UNDER 4A1.1(B) FOR EACH ADULT OR
>             JUVENILE SENTENCE TO CONFINEMENT OF AT LEAST
>             SIXTY DAYS IF THE DEFENDANT WAS RELEASED FROM
>             SUCH CONFINEMENT <u>WITH-IN FIVE YEARS</u> OF HIS COM-
>             MENCEMENT OF THE INSTANT OFFENSE.

PETITIONER CONTENDS THAT THE DEFINITIONS AND INSTRUCTIONS FOR
COMPUTING CRIMINAL HISTORY DO NOT ALLOW FOR THE USE OF A JUVENILE
CONVICTION WHERE THE DEFENDANT WAS RELEASED FROM CONFINEMENT OVER
FIVE (5) YEARS FROM THE COMMENCEMENT OF THE INSTANT OFFENSE.

**OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN (18).** PETITIONER CON-
TENDS THAT HE WAS RELEASED FROM CONFINEMENT BY THE CALIFORNIA YOUTH
AUTHORITY ON **JANUARY 15, 1983.[SEE PAGE 13 OF PRESENTENCE REPORT, IN
EXHIBIT A].** PETITIONER WAS SENTENCED TO THE **TEXAS DEPARTMENT OF COR-
RECTIONS FOR THREE (3) YEARS, BEGINNING JANUARY 15, 1983.** THE INSTANT
OFFENSE COMMENCED ON **SEPTEMBER 13, 1988, APPROXIMATELY 5 YEARS, 7
MONTHS, AND 28 DAYS AFTER MY RELEASE FROM CONFINEMENT BY THE CALI-
FORNIA YOUTH AUTHORITY ON JANUARY 15, 1983.** THE PREREQUISITE BEING:
**RELEASED FROM CONFINEMENT WITHIN 5 YEARS OF THE INSTANT OFFENSE.**

THE PROBATION OFFICER USED PETITIONER'S DISCHARGE DATE OF DECEMBER 28, 1984. PETITIONER CONTENDS THAT HE HAS A PRIMA FACIE SHOWING OF **MISAPPLICATION OF THE GUIDELINES.** HENCE, THE REMAINING QUESTION IS WHETHER PETITIONER CAN SHOW **"ACTUAL PREJUDICE"** , IN ORDER TO OBTAIN RELIEF. IT IS THE PETITIONER'S CONTENTION THAT ACTUAL **"PREJUDICE"** RESULTED FROM BEING SENTENCED ILLEGALLY USING THE **TWO DIMENSIONAL MATRIX WITH OFFENSE LEVEL AND CRIMINAL HISTORY CATEGORY AS IT'S TWO AXISES,** WHERE THE CRIMINAL HISTORY SCORE HAS BEEN COMPILED IN-CORRECTLY PURSUANT TO **4 A1.1(b),** USING A JUVENILE CONVICTION,THEREBY ADDING **TWO POINTS TO THE CRIMINAL HISTORY SCORE WHICH U.S.S.G., DOES NOT ALLOW THUS CAUSING 36 EXTRA MONTHS TO BE ADDED TO THE PETITIONER'S SENTENCE DOES DEFINATELY SHOW PREJUDICE IN THE SENTENCING SCHEME. MR. FRANKLIN J. OLVERA (SUPERVISING) UNITED STATES PROBATION OFFICER ACK-NOWLEDGED THE ERROR,** BUT PROVIDED NO RELIEF REGARDING THE REMOVAL OF THE **FACTUAL BASIS OF JUVENILE RECORD OFFENSE CONDUCT; NOR PROVIDED ANY INSTRUCTIONS TO THE UNIT TEAM OF THE BOP NOT TO USE, RELY, CORRECT, OR EXPUNGE THIS RECORD FROM THE PETITIONER'S PSR. [SEE EXHIBIT A.]**

THEREFORE THE **"ACTUAL PREJUDICE"** STANDARD HAS BEEN MET. PETIT-IONER REQUESTS A **JURY TRIAL TO MAKE CLEAR THAT, BASED ON 4 A1.1(b),** THIS JUVENILE CONVICTION SHOULD NOT BE IN MY PSR, AND THE PROPER CHANGE IN CALCULATIONS SHOULD REFLECT THIS. THE BOP USES **PROGRAM STATEMENT 5100.07, SECURITY DESIGNATION AND CUSTODY CLASSIFICATION MANUAL, AND IS USING "DOCUMENTED INFORMATION FROM JUVENILE OR YCA ADJUDICATION CAN BE USED UNLESS THE RECORD HAS BEEN EXPUNGED OR VA-CATED."** YET UNDER **4 A1.1(B)** THIS INFORMATION IS NOT EVEN SUPPOSED TO BE DOCUMENTED. AND IT THIS RELIEF THAT NEEDS TO BE ADDRESSED.

### CONCLUSION

IN LIGHT OF THE FOREGOING AUTHORITIES AND THE FACT THAT **"COLL-ATERAL CONSEQUENCES FLOW FROM [THE PETITIONER'S JUVENILE] CONVICTION AND IS THEREFORE IRREBUTTABLE, THIS COURT HAS JURISDICTION TO PROCEED TO THE MERITS OF THE PETITIONER'S CLAIMS.**

**PETITIONER PRAYS THAT THIS HONORABLE COURT GRANT HIM RELIEF BY:**
1.  **SETTING THIS MATTER FOR HEARING, AND NOTIFY ALL INTERESTED PARTIES.**

2.  GIVE REASONABLE NOTICE OF THE JURY TRIAL HEARING TO EACH AND
    EVERY OFFICIAL, AGENCY, OR OTHER PUBLIC ENTITY NAMED HEREIN.

3.  AFTER THE HEARING ON THIS MATTER, TO ORDER EACH OFFICIAL,
    AGENCY, OR OTHER PUBLIC ENTITY THAT THERE IS REASON TO BE-
    LIEVE POSSESSES RECORDS OR FILES CONCERNING THE ARREST AND
    CONVICTION OF PETITIONER'S JUVENILE ADJUDICATION TO REMOVE
    ALL RECORDS AND FILES CONCERNING THE ARREST AND CONVICTION
    TO THE COURT, OR IF REMOVAL IS IMPRACTICABLE, THEN TO OBLIT-
    ERATE ALL REFERENCES TO PETITIONER AND NOTIFY THE COURT OF ITS
    ACTIONS.

4.  TO RETURN TO PETITIONER ALL RECORDS, FILES, AND NOTIFICATIONS
    OF THE DISPOSITION OF RECORDS AND FILES.

5.  TO ORDER ALL PARTIES TO PAY THE SUM OF TEN THOUSAND DOLLARS,
    ($10,000.00) FOR THE PAIN CAUSED, AND THE TROUBLE FORCED UP
    ON PETITIONER TO TRY AND CORRECT AND SET HIS RECORDS STRAIGHT.

DEFENDANT PRAYS THIS HONORABLE COURT EXAMINES ALL THE FACTS IN-
VOLVED IN THIS PETITION AND TO MAKE AN HONEST AND CORRECT JUDGEMENT
IN IT'S DECISION. PETITIONER ALSO PRAYS THAT THIS JUDGEMENT BE MADE
IN THE INTEREST OF JUSTICE AND FOR NO OTHER REASON.

RESPECTFULLY SUBMITTED,

_Whitney Brown_

MR. WHITNEY BROWN, FILING PRO SE
FEDERAL REGESTER NO: 42655-080
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010
BASTROP, TEXAS 78602

PAGE 8 OF 8

**AUSTIN-UNIT**

BP-S148.070  **INMATE REQUEST TO STAFF MEMBER CDFRM**

## UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

DATE  3-7-06

TO: MR Stacy Roddy / Mr Art Manuel.
    **(Name and Title of Officer)**

SUBJECT: State completely but briefly the problem on which you desire assistance and what
you think should be done (Give details).

I'm Requesting Through program statement 5800.11 Inmate central file, privacy
Folder, and parole mini-files, states, An inmate may challenge the accuracy of
the information in his inmate central file, unit Team staff shall take
steps To ensure the accuracy of challenged information, staff should
inform the Appropriate U.S. Probation office (USPO) and Based on the
letter from Mr Franklin J Olvera (Supervising USPO) I need a
New P.S.I report reflecting This information, be Taken out
and me properly placed in a criminal History Category IV
His statement Being that I would still Be in A Sentencing Range
of 324 To 405 months, Does not sit well with me, its 01 Cat 22
who is To say The Judge wouldn't have Gave me The 324 months Thats
And Extra 36 months on one side, The other side is if He never
would have put it in my P.S.I I wouldn't have To even Be going
Through This, so This Bigger Then Just Going To A Camp, I Need A
New PSI Not A letter attached to my files, if its wrong Then
its wrong. so I'm asking you again To Take The proper steps.

(Use other side of page if more space is needed)

NAME: WHITNEY BROWN                                 06 1606
Reg. No.: 42655-080                                **FILED**

Work Assignment: Barbershop
Unit: Austin                                       SEP 15 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOTE: If you follow instructions in preparing your request, it can be disposed of more
promptly and intelligently.  You will be interviewed, if necessary, in order to satisfactorily
handle your request.  Your failure to specifically state your problem may result in no action
being taken.

DISPOSITION: (Do not write in this space)  I will send a letter to the Supervising U.S. probation
officer To Determine Your actuall criminal History points and
any actions The Court may take for resentencing -

Record Copy - File; Copy - Inmate

FCI BASTROP AUS UNIT

JOB #562

| | DATE | TIME | TO FROM | MODE | MIN SEC | PGS | STATUS |
|---|---|---|---|---|---|---|---|
| 001 | 3 08 | 09:46 | 214 224 3350 | EC--S | 00' 13" | 002 | OK |

Stacy R. Roddy - Brown, Whitney, 42655-080                                    Page 1

TO:
To:          Martin Sweaney
             Gordon, Larry; Manuel, Art Y; Roddy, Stacy R.; Weathers, Karen
FROM  Date:          3/8/2006 8:31:14 AM
      Subject:       Brown, Whitney, 42655-080

Good morning. I am in the Regional Office today and tomorrow, and am working on a BP-10 filed by this inmate. I need to request a copy of the page or pages from the PSI Report which refer to the 1981 conviction for kidnapping. Please fax them to me at 21-224-3450. Thank you.

**From:**     Martin Sweaney
**To:**       Roddy, Stacy R.
**Date:**     3/8/2006 9:28:07 AM
**Subject:**  Re: Brown, Whitney, 42655-080

I am sorry - I made a typo - it is 214-224-3350.

>>> Stacy R. Roddy 3/8/2006 9:23 AM >>>
Tha fax number you gave me did not work....Please provide a Fax number

>>> Martin Sweaney 3/8/2006 8:30 AM >>>
Good morning.  I am in the Regional Office today and tomorrow, and am working on a BP-10 filed by this inmate.  I need to request a copy of the page or pages from the PSI Report which refer to the 1981 conviction for kidnapping.  Please fax them to me at 21-224-3450.  Thank you.

**From:**    Martin Sweaney
**To:**      Gordon, Larry; Manuel, Art V; Roddy, Stacy R.; Weathers, Karen
**Date:**    3/8/2006 8:31:14 AM
**Subject:**   Brown, Whitney, 42655-080

Good morning. I am in the Regional Office today and tomorrow, and am working on a BP-10 filed by this inmate. I need to request a copy of the page or pages from the PSI Report which refer to the 1981 conviction for kidnapping. Please fax them to me at 21-224-3450. Thank you.

PART B.  THE DEFENDANT'S CRIMINAL HISTORY

## Juvenile Adjudications

| | Date of Arrest | Charge/Agency | Date Sentence Imposed Disposition | Guideline/ Score |
|---|---|---|---|---|
| 35. | 07-21-81 (Age 17) | Kidnapping, Seaside Police Department, Seaside, CA | 11-13-81: Commited to the California Youth Authority for a term not to exceed 7 years; discharged on 12-28-84. | 4A1.1(b) |

2

The defendant was represented by counsel. Arrest reports indicate that on July 24, 1981, Edite Dutra was forcibly abducted from the Kentucky Fried Chicken Restaurant in Seaside, California. Brown was later determined to be primarily responsible for her abduction. Investigation revealed that Brown was involved in this activity in an attempt to recover money which he felt had been stolen from him by Dutra. The $2,700 cash that Dutra was supposed to have stolen was supposed to have been the profits of a till-tapping scheme in which Brown was involved in Fresno, California. The disposition can be located in the Superior Court of California, County of Monterrey, Juvenile Court, Case No. J21281.

This information was obtained on an express promise that it would not be made public.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PROBATION OFFICE

**JOE ED CANALES**
CHIEF PROBATION OFFICER
SAN ANTONIO - ADMINISTRATION

**JOE E. SANCHEZ**
DEPUTY CHIEF PROBATION OFFICER
SAN ANTONIO - ADMINISTRATION

**ADMINISTRATION**
727 E. DURANGO BOULEVARD, ROOM A-405
SAN ANTONIO 78206-1203



800 N. FIFTH STREET
ALPINE 79830-300

903 SAN JACINTO BOULEVARD, SUITE 12
AUSTIN 78701-245

111 E. BROADWAY STREET, SUITE 20
DEL RIO 78840-554

700 E. SAN ANTONIO AVENUE, SUITE 500
EL PASO 79901-7020

100 E. WALL STREET, SUITE P-10
MIDLAND 79701-5200

410 S. CEDAR STREET
PECOS 79772-3200

727 E. DURANGO BOULEVARD, ROOM B-310
SAN ANTONIO 78206-1200

800 FRANKLIN AVENUE, ROOM 100
WACO 76701-1936

SAN ANTONIO

August 23, 2005

Whitney Brown
Reg. No. 42655-080
Austin Unit
FCI - Bastrop
P. O. Box 1010
Bastrop, Texas 78602-1010

RE: **GUIDELINE CALCULATIONS**

Dear Mr. Brown:

I have reviewed your file and presentence report pursuant to your request to reconsider the guideline calculations determined in your case for sentencing on April 30, 1990. As you recall, you were sentenced by the Honorable H. F. Garcia (deceased) based upon a total offense level of 38 and a Criminal History Category of V, rendering a guideline imprisonment range of 360 to 480 months.

After a thorough review of the records and the presentence report and considering that many of your juvenile records were destroyed, it appears that the two (2) points for the offense committed prior to the age of eighteen (paragraph 35) should not have been assessed because you were not released from confinement for this conviction within five years of the commencement of the instant offense. The presentence report reflects you were sentenced on May 27, 1981 to 3 years imprisonment for the offense noted in paragraph 36 but failed to appear for service of that sentence. You were then sentenced for the offense noted in paragraph 35 and then was re-sentenced for the offense noted in paragraph 36 with a sentence start date of January 15, 1983.

It is my assessment that your criminal history points should be eight (8) with a Criminal History Category of IV. This would result in a guideline imprisonment range of 324 to 405 months. Your 360 month sentence is still within this guideline imprisonment range. This may or may not change your classification level. By copy of this letter, I am advising your Unit Manager of my assessment.

Whitney Brown
August 23, 2005
Page 2

RE:    **GUIDELINE CALCULATIONS**

Sincerely,

Franklin J. Olvera
Supervising U. S. Probation Officer

xc:    Art Manuel
       Unit Manager
       FCI - Bastrop

       Victor A. Casillas
       Assistant Deputy Chief Probation Officer

UNITED STATES DISTRICT COURT
Western District of Texas
PROBATION OFFICE
San Antonio, Texas


Franklin J. Olvera
U.S. Probation Officer
727 East Durango Blvd.
Suite 310
San Antonio, Texas 78206-1200


Dear Mr. Olvera:

I am writing you from FCI-Bastrop, I guess I am under your case
load.  I surrendered to authorities on October 31, 1988, I was
indicted on November 2, 1988 for three counts of four count
indictment.  I was rearraigned on August 31, 1989 and entered a
plea of guilty to count two of the four count indictment.
Disclosure of my pre-sentence Report was made on February 6, 1990.
I was sentenced on April 30, 1990 to 360 months.  I appealed this
sentence and the courts Denied.  But the biggest issue I ahve is
2 points that was added to my criminal history category over a
juvenile conviction and the courts placed it as plain error.  Well
I have proof I was committed to the California youth authority
for a term not to exceed 7-years.  You added 2-points under 4A1.1(b).
By adding this 2-points from this juvenile conviction, it has put
me in a position where I got to do and extra 36 months.  But the
court has ruled on this issue, and this conviction is standing in
my way of my process of Rehabilitation back into society.  By
being denied the proper steps to prepare myself, which takes steps
and degrees of growth and development.  I have worked my way from
a high security level down to a low level security institution.
This is my 17th year of incarceration.  I was released from con-
finement by the California Youth Authority on January 15, 1983.
Look at my EXHIBIT on Criminal Convictions, page 13, I was sentenced
to the Texas Department of Corrections for three (3) years,
begining January 15, 1983.  The instant offense commenced on
September 13, 1988, approximately 5-years, 7-months, and 28 days
after I was released from confinement from the California Youth
Authority on January 15, 1983.  The Texas Rangers extradited me
back to Texas as I was released from the Youth Authority.  The
prerequisite Being: Released from confinement within 5-years of
the instant offense.  You mistakenly used my discharged date of
December 28, 1984.  No one has the power to make this change, but
The United States Probation Department.  I pray that you can
straighten this out by writing a letter of clearance to add to my
Pre-sentence Investigation Report, or a letter of support.  Each

institution has different education programs.  I leave you with
the thoughts of my rehabilitation, and to right a wrong, I am
paying a big price for my mistakes, and to deny me my just do
would be wrong.  I am asking that your office help me to clear
this matter up.  I was young and uneducated then, but I have now
achieved certificates in adult basic education (G.E.D.), consumer
electronics (a/c d/c), health and nutrition, CDL for truck driving
and have been a barber in here for the past 15-years.  Enclosed
is a copy of my education progress report, as well as proof to
show that I was in the Texas Department of Corrections at this
time.  I am going down hill now, my unit manager and case manager
and counselor said if you could write a letter to support my claim,
they could drop my points as far as my custody classification,
and allow me to go to the camp which would help me in the process
of entering back into a civilized society.  By the way, the
address to the unit team management is as follows:

> Unit Manager: Art Manuel
> Case Worker: Stacy Roddy
> Counselor: Larry Gordan
> FCI-Bastrop
> P.O. Box 730
> Bastrop, Texas 78602
> Tel: (512) 321-3903

Your kind attention on this matter shall be greatly appreciated.
Thanking you in advance.  I remain,

> Respectfully,
>
> *W. Whitney Brown*
>
> Whitney Brown
> Reg.No.42655-080
> Austin Unit
> FCI-Bastrop
> P.O. Box 1010
> Bastrop, Texas 78602-1010

cc: Joe Ed Canales, Chief

cc: H. H. Whitehill
    Chief Probation Officer
    727 East Durango Blvd.
    Suite 310
    San Antonio, Texas 78206-1200

    file

## Criminal Convictions

| | Date of Arrest | Charge/Agency | Date Sentence Imposed Disposition | Guideline/Score |
|---|---|---|---|---|
| 30. | 02-24-81 (Age 17) | Theft $200-$10,000, San Antonio Police Department | 06-27-81: 3 years imprisonment. Released on bond and failed to appear. Rearrested on 01-15-83. The defendant was resentenced to the Texas Department of Corrections for 3 years beginning 01-15-83. Paroled on 09-15-83. Returned to the Texas Department of Corrections on 04-15-86 as a parole violator and reparoled on 06-27-86. Parole terminated on 07-07-88. | 4A1.1(a) |

3

The defendant was represented by counsel. The defendant was arrested by a McCrelos Shopping Mall Security Guard after the defendant was seen taking money out of a cash register. The defendant had taken $510.00 out of the cash register. When confronted by a store employee, the defendant ran from the mall, but was soon apprehended by security guards.

PART B.    THE DEFENDANT'S CRIMINAL HISTORY

## Juvenile Adjudications

| | Date of Arrest | Charge/Agency | Date Sentence Imposed Disposition | Guideline/ Score |
|---|---|---|---|---|
| 33. | 07-21-81 (Age 17) | Kidnapping, Seaside Police Department, Seaside, CA | 11-13-81; Commited to the California Youth Authority for a term not to exceed 7 years; discharged on 12-28-84. | 4A1.1(b) |

The defendant was represented by counsel. Arrest reports indicate that on July 24, 1981, Edite Dutra was forcibly abducted from the Kentucky Fried Chicken Restaurant in Seaside, California. Brown was later determined to be primarily responsible for her abduction. Investigation revealed that Brown was involved in this activity in an attempt to recover money which he felt had been stolen from him by Dutra. The $5,700 cash that Dutra was supposed to have stolen was supposed to have been the profits of a till-tapping scheme in which Brown was involved in Fresno, California. The disposition can be located in the Superior Court of California, County of Monterey, Juvenile Court, Case No. J21261.

This information was obtained on an express promise that it would not be made public.

- 12 -

## IV.  LEGAL ANALYSIS AND AUTHORITIES

### 1.  BROWN'S GROUND ONE

Brown complains that the Court erred because it adopted paragraph 35 of the Presentence Investigative Report (PSIR), in which two criminal history points were added based on a prior juvenile conviction. Brown also says that the Court failed to make a Rule 32(c)(3)(D) inquiry as to Movant's objection to that paragraph.

". . . Rule 32(c)(3)(D) offers no basis for empowering the sentencing court to hear **postsentence** challenges to the PSIR report." United States v. Engs, 884 F.2d 894, 896 (5th Cir. 1989) (emphasis in original). Alleged violations of Rule 32(c)(3)(D) may only be raised on direct appeal or in a Rule 35 motion. United States v. Smith, 844 F.2d 203, 207 (5th Cir. 1988). Brown failed to do so.

Section 4A1.2(d)(2)(A) of the U.S.S.G. states:  "Add 2 points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from confinement within five years of his commencement of the instant offense."  In an unsworn allegation without documentary support, Brown says that he was "released from confinement" for this charge on January 15, 1983, more than five years prior to the commencement of the charge to which he pled guilty. The PSIR shows that he was "discharged" on December 28, 1984. The commencement date of the instant offense is September 8, 1988. The U.S. Probation Officer in this case has researched this conviction in response to Brown's

3 .

petition, and has found that records pertaining to Brown's incarceration under the California Youth Authority have been destroyed.    (ATCH 1)    Brown offers no proof that he was actually "released from confinement" on January 15, 1983.

Brown alleges that had this conviction not been included, his criminal history points would have been 8 instead of 10, making his sentencing guidelines range (at offense level 38) 324 - 405 months instead of 360 months to life.    This is not an argument that is cognizable in a § 2255 proceeding.    See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).    Moreover, even if this juvenile conviction had not been included in determining Brown's criminal history category, the sentence Brown received, 360 months, is still appropriate for the lower criminal history category.    That is, where he was sentenced to the lower range at criminal history category V, with 10 criminal history points, his sentence at the middle range at level 8 would still have been appropriate at approximately 360 months.    So, even if the Court had disregarded paragraph 35 of the PSIR and stated that it would not consider the juvenile conviction, the same sentence could have been imposed and it is unlikely that the outcome would have been different.    Brown, therefore, cannot prove prejudice here, and his request for §2255 relief on this issue should be denied.

### 2.    BROWN'S GROUNDS TWO, THREE & FIVE

The crux of the majority of Brown's complaints in his §2255 motion is that the Court should not have considered the drug quantities from dismissed counts as "relevant conduct" in

4

Brown pleaded guilty to one distribution count. In ruling on Brown's direct appeal, this Court held that there was no abuse of discretion by the district court in refusing to allow Brown to withdraw his guilty plea, and rejected Brown's complaints as to his alleged lack of understanding of relevant conduct and the calculation of relevant conduct.

Brown's motion for collateral relief was properly denied by the district court. Basically, Brown is dissatisfied with his plea because he received a lengthy sentence based on the crack cocaine he sold and negotiated to sell to an agent.

## I.  APPLICATION OF GUIDELINES

(Responsive to Brown's Brief, Issue I, 4-10).

### Juvenile Kidnapping Conviction

Brown initially argues that the district court erred in adopting Paragraph 35 of his PSI in which two criminal history points were assessed because of a kidnapping offense committed by Brown when he was seventeen years old.

The sentencing guidelines provide for counting juvenile offenses in which there was confinement of at least 60 days and the defendant was released from confinement within five years of commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(A). Brown's PSI provided that he was "discharged" for the California juvenile kidnapping offense on December 28, 1984 (PSI, ¶ 35). Brown's instant offense (Count Two of the indictment) commenced on October 27, 1988 (PSI, ¶¶ 1 and 2). Thus, the two criminal history points were assessed because it

10

appeared that the instant offense was within the five-year period.

Although he claims to have made a written objection to Paragraph 35 (Brief at 9), an examination of that objection shows that Brown objected only to his arrest date being made public (PSI (Addendum), page 8). Brown failed to raise the issue of whether his release from confinement from the juvenile conviction was within the five-year period. Brown concedes that at sentencing, the defense did not make an argument as to this issue (Brief at 9). Brown also concedes that he failed to raise this issue in his direct criminal appeal (Brief at 9).

After raising the criminal history point guideline issue in his § 2255 motion (2 R. 235-39), the government undertook to obtain records confirming the date Brown was released from custody for the California juvenile kidnapping offense (2 R. 283-84). However, the probation officer and the government were informed that "records pertaining to Brown's incarceration under the California Youth Authority have been destroyed" (2 R. 284, 298).

The district court determined that: the sentencing court properly relied on the discharge information in the PSI; and Brown failed in his burden of establishing that § 4A1.2(d)(2)(A) was misapplied, as the court was not required to accept Brown's assertion of his release date (2 R. 367, 408). The court further noted that even subtracting the two

11

points, Brown could have received the same sentence (3 R. 367); and thus, he had failed to demonstrate prejudice.[4]

### Brown's Two-Point Guideline Issue Does Not Rise To The Level Of A Constitutional Claim, And Is Not Cognizable On Collateral Review.

"A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." **Seqler**, 37 F.3d at 1134. In the instant case, Brown's two-point issue regarding the technical application of a criminal-history-point guideline section does not give rise to a constitutional issue cognizable under § 2255. **Id**. Accordingly, Brown is not entitled to § 2255 relief on this issue. **Id**.

### Brown's Failure To Raise This Claim On Direct Appeal Prevents It From Being Raised In A Collateral Proceeding

Brown did not raise this claim in his direct appeal. A nonconstitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding. **Id**. Accordingly, Brown is not entitled to § 2255 relief on this issue. **Id**.

---

[4] Brown was sentenced based on Level 38, Category V, range: 360 to life.    Subtracting the two criminal history points, would result in Level 38, Category IV, range: 324-405 (2 R. 284).   Brown received 360 months.

12

Date delivered to Inmate: __O8-30-2005__    By: __B. WARREN__

Bureau of Prisons Program Statement 1330.13 requires that "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before the inmate submits a Request for Administrative Remedy (BP-9)."

1. WRITE YOUR COMPLAINT IN THIS SPACE AS BRIEFLY AS POSSIBLE, INCLUDING DETAILS AND FACTS TO SUPPORT THIS REQUEST: _Im Challenging A 2 point Inhancement in my P.S.I Report for a Juvenile Conviction that should Not even Be in there, in which I've Gave my unit team Copy's of a letter from the united states Probation officer Mr Franklin J Olvera, united state courts; who wrote up my P.S.I who Addressed the Issue._

2. WHAT ACTION DO YOU WISH TO BE TAKEN TO CORRECT THIS SITUATION? _I would like for my unit team, to send my P.S.I Back to the Probation officer Based on This letter of Recognition of This error for him to delete it and to send an up to date P.S.I reflecting this Change_

3. WHAT HAVE YOU DONE TO INFORMALLY RESOLVE THE SITUATION? _I first Addressed my unit team about going to the Camp who later said this juvenile record was An issue But for me to Be held on false information that shouldn't even Be in my P.S.I for them to entertain, or Base there Disposition, and to deny me the opportunity to Drop to the next level is unjust and hindering my progress of entering Back into society._

Inmate Name: __Whitney Brown__          Register No: __42655080__

Unit: __Austin__                          Date: __8-31-05__

DATE INFORMAL RESOLUTION SUBMITTED TO STAFF: __9-1-05__

SUBMITTED TO: __Art Manuel__

The Unit staff member who has attempted to resolve the matter informally will indicate below the efforts he/she has made. Be specific, but brief: _I have spoke w/ the New Designations Administrator, since that position was recently just filled. You appear to be a good Candidate for a lesser security transfer to a Camp once you are under 5 years from your release and remain incident report free. At that time we will make a referral for Camp placement_

RESPONDED TO BY: __A. Manuel__          DATE: __9/30/05__

REVIEWED BY UNIT MANAGER: __A. Manuel__      DATE: __9/30/05__

Date BP-9 Delivered to Inmate:_____

Delivered By:_____