U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

OCT 1 3 2005

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

WARDEN'S OFFICE
FCI BASTROP, TX

| From: | BROWN, WHITNEY | 42655-080 | AUSTIN | BASTROP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A— INMATE REQUEST** I'm writing this issue up based on the fact that I wrote the probation officer, Mr. Franklin D. Olvera, supervising U.S. probation officer, Western District of Texas. Asking him some question on the mis-application of my guidelines. That he misapplied 4A1.2(d)(2)(A) by using a juvenile conviction. 1. On August 24, 2005, I received an answer from Mr. Olvera in which he stated very clearly and affirmative. He plainly stated that my CHC after seventeen years later was miscalculated. He plainly and clearly addresses this issue as a plain-error, that my CHC level should have been eight(8) with a CHC IV. This issue has been made clear through my due diligence with the USPO, Mr. Franklin D. Olvera, that a mistake has been made on my calculation of CHC level. This juvenile conviction is being used to deny me the opportunity to drop to a lower classification to go to a camp. And based on this letter I'm asking that my P.S.I. reflect this infor-mation, where it is not used against me. This change in calculations should reflect reflect this. This letter was sent also to my unit manager, Mr. Art Manuel(Austin Unit). Here are my copies of the letter I sent and the letter I received. <u>SELLERS v. BUREAU OF PRISONS</u>, 959 F.2d 307, 310-312 (D.C. Cir. 1992). With this case I want to obtain correction of material facts and prevent the BOP from using or considering any inaccurate, irrelevant

DATE 10-12-05                    SIGNATURE OF REQUESTER *Whitney Brown*

**Part B– RESPONSE**

See Attachment.

---

DATE _____                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 371136-F1 F2

**Part C– RECEIPT**                                     CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.                    UNIT                    INSTITUTION

SUBJECT: _____

10/13/05
DATE

3  USP LVN                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Response to Request for Administrative Remedy
BROWN, Whitney - Reg. No. 42655-080
Remedy I.D. #391136-F2

This is in response to your Request for Administrative Remedy
receipted October 13, 2005, wherein you state your unit team is
using inaccurate information to deny you camp placement.

A review of your case reveals that your unit team received a
letter from Franklin J. Olvera, Supervising United States
Probation Officer for the Western District of Texas, stipulating
the two points you received for the Kidnaping conviction on
November 13, 1981, should not have been assessed because you were
not released from confinement for this conviction within five
years of the commencement of the instant offense. Mr. Olvera
further stated that your criminal history points should be eight
with a Criminal History Category of IV which is still within the
guideline range of your sentence. However, according to Program
Statement 5100.07, <u>Security Designation and Custody
Classification Manual</u>, "documented information from juvenile or
YCA adjudication can be used unless the record has been expunged
or vacated." The Kidnaping conviction has not been expunged or
vacated. Therefore, you are not considered appropriate for camp
placement due to a history of violence.

Accordingly, your request for relief is denied.

If dissatisfied with this response, you may appeal to the
Regional Director at 4211 Cedar Springs Road, Suite 300,
Dallas, Texas 75219. Your appeal must be received in the
Regional Office within 20 calendar days of the date of this
response.

_____    10/24/05
John B. Fox, Warden          Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**



---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | BROWN, WHITNEY | 42655-080 | AUSTIN | FCI BASTROP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   I am appealing this because I am very dissatisfied with the response given to me by Warden John B. Fox, Unit Manager Art Manuel, and Case Manager Stacy Roddy. The response clearly shows that they are using inaccurate information contained in my PSI to deny me camp placement at a later date. They refuse to acknowledge the fact that this information should not even be in my PSI for them to have the opportunity to use against me. They came up with a statement from the program statement 5100.07, Security Designation and Classification Manual saying that documented information from juvenile or YCA adjudication can be used unless the record has been expunged or vacated. The case they are trying to use against me was ~~expunged~~, sealed, and destroyed. The fact was that this information never should have been in my PSI report. My request in my BP-8 was for my unit manager to get with the U.S. probation officer and get a new up to date PSI reflecting that this information be taken out altogether and he has the power to make this change. Since this is the information that the BOP uses to set their classifications, based on what the probation officer writes in the PSI and it has been my unit team who for years have been building my hopes up that once I've got under 10 years they would look to send me to a camp. Now they've done everything in there power to deny me. I want to point out Mr. Art Manuel's statement in his reply to my BP-8: The root is that they would not be able to use this against me if this was not placed in my PSI, Mr. Franklin Olvera has stated very clearly he made the mistake 17 years ago. This is the

| 10-31-05 | Whitney Brown |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

---

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

NOV - 3 2005

LEGAL DEPARTMENT

CASE NUMBER: 331136-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

USP LVN

BP-230(13J)

BROWN, WHITNEY
REGISTER NO. 42655-080
FCI BASTROP
AUSTIN UNIT

same probation officer who wrote my PSI and now they refuse to

recognize his correction.  I want a new PSI reflecting that this

juvenile conviction be taken out of my PSI.  Please review my

exhibits on the steps I have taken to clear this matter up.


_Whitney Brown_
WHITNEY BROWN, 42655-080


_10-31-05_
DATE

BROWN, Whitney          Reg. No. 42655-080      FILED: 11-03-05

391136-R1               PART B - RESPONSE

You are appealing the Warden's response to your complaint your
Presentence Investigation Report (PSI) contains inaccurate
information and this information is prohibiting you from being
placed in a minimum security institution. Specifically, you
believe institution staff have improperly considered a kidnapping
offense you committed as a juvenile in determining your
classification level. You request staff take action to correct
your PSI.

We have thoroughly reviewed your appeal. Program Statement
5800.11, Inmate Central File, Privacy Folder, and Parole Mini-
File, states, "An inmate may challenge the accuracy of the
information in his Inmate Central File. Unit team staff shall
take reasonable steps to ensure the accuracy of challenged
information, particularly when the information is capable of being
verified."

We have thoroughly reviewed your appeal and affirm the Warden's
response. Your juvenile adjudication involving a kidnapping
offense has not been set aside or vacated. While it may be
inappropriate to assess points for this offense for sentencing
purposes, the juvenile adjudication may be considered for
institution classification purposes.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, N.W., Washington, D.C. 20534. Your appeal must
be received in that office within 30 days from the date of this
response.

_12-14-05_
Date

G. Maldonado, Jr.
Regional Director

**SENSITIVE - LIMITED OFFICIAL USE**



```
WHITNEY BROWN, 42655-080
BASTROP FCI    UNT: AUSTIN     QTR: A10-877L
P.O. BOX 730
BASTROP,  TX 78602
```

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____  _____  _____  _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A—REASON FOR APPEAL** _For the foregoing reasons, I respectfully request this Bureau of Prisons Administration Remedy and or To reverse the personal denial To party my Transfer To a federal prison Camp Just that this Unit Team reason is unlawful and cannot serve as the actual Basis for the Decision (Unit and Team) and manual Unit Manager, Ace manager very clearly and her John K.T. Regional Director B.A. Bledsoe, L. Mallevide JR. are lacking law. The Fact that in my sep.8 I asked for my unit Team to seal my P.S.I Back To my Frankful Petition, The united States supervisely punished officer and set a new up to date p.s.i. Reflecting that this Juvenile information be removed and why P.S.I. Based on this matter This is unlawful "D" committed Infraction That should Not Be used Against Me. The focus should Be on Proper information and Helping Me make The steps of Rehabilitation To Head Back To society. The partial unit Make steps To right a wrong, please view All this paper work_

_____　　　　　　　　_____
DATE　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

*SEE Attachments*

JUN - 9 2006

_____　　　　　　　　_____
DATE　　　　　　　　　　　　　　　GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE　　　　CASE NUMBER: _391136-A1_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION
SUBJECT: _____

_____　　　　　　　　_____
DATE　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

**Administrative Remedy No. 391136-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you claim your Presentence Investigation Report (PSI) contains inaccurate information that should not be used to deny you camp placement. You request your PSI be sent to the Probation Officer to remove the inaccurate information from your PSI.

Program Statement 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, states an inmate may challenge the accuracy of the information in his or her Inmate Central File. Unit team staff shall take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified. P.S. 5800.11 also states that if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. If the USPO subsequently reports that the challenged information, or some part thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO response to the challenged document.

Our review reveals that staff have included a letter in your central file from the Supervising USPO, Western District of Texas, that indicates you should not have been assessed two points for your juvenile conviction for Kidnaping on November 13, 1981. Even with this change, the Supervising USPO states your sentence is still within the guideline imprisonment range and may or may not affect your classification level.

P.S. 5100.07, <u>Security Designation and Custody Classification Manual</u>, directs staff to enter the appropriate number of points to reflect any history of violence, considering only those acts for which there are documented findings of guilt. This item includes the individual's entire background of criminal violence, excluding the current term of confinement. P.S. 5100.07 further indicates that documented information from juvenile or YCA adjudications can be used, unless the record has been expunged or vacated. Staff reviewed your case and determined you were inappropriate for camp placement due to the 1981 Juvenile Adjudication for Kidnaping. Since this conviction has not been vacated or expunged, we find you are correctly scored with a serious history of violence. Additionally, we find that staff have taken the appropriate steps to ensure the accuracy of the information challenged in your PSI. We concur with the actions of staff, find them appropriate, and in accordance with policy.

Accordingly, your appeal is denied.

February 17, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

RECEIVED
JAN 6 2006
WARDEN'S OFFICE
FCI BASTROP

UNICOR FEDERAL PRISON INDUSTRIES INC
LEAVENWORTH KANSAS

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Brown Whitney__    __42655-080__    __Austin__    __Bastrop__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** I Recently Requested for consideration for A Federal camp. Stacy Roddy case manager, initially informed me that I was eligible. The she informed me that a 24 year old juvenile conviction Disqualified me. After examining The custody manual I Discovered That The PSF That Ms. Roddy was Referring To Became Effective 1/31/2002 in change Notice 2 To PS 51000.2. This unit Team is applying New substantive Administrative Rules That Apply To prisoners sentenced under The violent crime control and law enforcement Act of 1994 (VCCLEA), Public Law 103-322 which Became Effective on september 13, 1994. VCCLEA and any program statements promulgated under its Congressional Directives while lawful When Applied To prisoners sentenced on or After The effective Date of VCCLEA cannot Apply To me without Running Afoul of The Ex post facto clause, Art. I, 9, cl.3; see Lander v. sheahan, 235 F.3d 80 (2nd cir. 2000) (substantive Administrative Rules AND Regulations Generally apply only To conduct That occurs After Effective Date). For The foregoing Reason I Hope you will Reconsider your previous Decision To Deny me a Transfer To A Federal camp. This unit manager Answer Does Not Answer These case laws. My plan is To Take The proper steps To get To a outside court

__1-1-06__    __Whitney Brown__
DATE    SIGNATURE OF REQUESTER

**Part B– RESPONSE**
SEE Attachment.

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __400024-F1__

_____    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Response to Request for Administrative Remedy**
**BROWN, Whitney - Reg. No. 42655-080**
**Remedy I.D. #400024-F1**

This is in response to your Request for Administrative Remedy
receipted January 6, 2006, wherein you request reconsideration
for camp placement.

When determining an inmate's appropriateness for camp placement,
many factors are considered.  In your case, a thorough review
revealed you were committed to the California Youth Authority for
a term not to exceed seven years for Kidnaping on
November 13, 1981.  According to your Presentence Report, you
forcibly abducted the victim from her place of employment.
Program Statement 5100.07, <u>Security Designation and Custody
Classification Manual</u>, chapter 6, page 13, states "documented
information from juvenile or YCA adjudication can be used unless
the record has been expunged or vacated."  Your Kidnaping
conviction has not been expunged or vacated.  Therefore, you were
correctly determined to be ineligible for camp consideration and
appropriately assigned a greater security management variable.

You allege that your unit team applied a management variable in
your case unlawfully when the Kidnaping conviction was used to
determine camp eligibility.  You further state any program
statements under VCCLEA do not apply to you as it violates the
Ex Post Facto Clause.  However, your denial is based upon
Program Statement 5100.07, <u>Security Designation and Custody
Classification Manual</u>, dated September 3, 1999, which applies to
our entire Bureau of Prisons population.  Our policy pertains to
inmate management and classification which is irrelevant to the
Ex Post Facto Clause.

Therefore, your request for relief is denied.

If dissatisfied with this response, you may appeal to the
Regional Director at 4211 Cedar Springs Road, Suite 300,
Dallas, Texas 75219.  Your appeal must be received in the
Regional Office within 20 calendar days of the date of this
response.

_____     _____
        John B. Fox, Warden              Date 1/25/06

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ~~BROWN, Whitney~~      ~~42655-080~~     AUSTIN     BASTROP FCI
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

APPEAL TO REGIONAL DIRECTOR
REMEDY ID #400024-F1

I appeal the decision of Warden, John B. Fox, in the above-referenced remedy administrative cause of action on the ground that Warden Fox, Art Manuel, Austin Unit Manager, Roddy Stacy, Austin Unit Case Manager, and other members of the Bastrop FCI staff have breached their constitutional duty in my case by applying Program Statement 5100.07, <u>Security Designation and Custody Classsification Manual</u>, "dated September 3, 1999, which applies to our entire Bureau of Prisons population," See Warden's Response, in violation of the Ex Post Facto Clause Article I, Section 9, Clause 3 of the US Constitution. This constitutional duty is presumed under their oath of office as representatives of the United States federal government under Article VI which states in relevant part "... all executive and judicial officers, both of the United States and of the several States, <u>shall be bound by oath or affirmation to support this Constitution</u>; ..." Art. VI, Cl. 3, and under clearly established Supreme Court and Circuit Court cases construing new substantive administrative rules.

2-9-06
    DATE

(continued on page 2)

_Whitney Brown_
       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
      DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    FEB 1 5 2006

REGIONAL DIRECTOR

CASE NUMBER: 400024-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____
      DATE               SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BROWN, Whitney        Reg. No. 42655-080        Austin Unit Bastrop FCI

REMEDY ID #400024-F1
APPEAL TO REGIONAL DIRECTOR
PAGE 2

FACTS

I have been continously incarcerated since October 31, 1988. At
the time of my initial program review under Program Statement 5100,
Security Designation and Custody Classification Manual (1990) then
in effect it was permissible for inmates with crimes of violence
to participate in BOP programs including placement at Federal Prison
Camps and Community Correction Centers under the Sentencing Reform
Act of 1984 (SRA) effective November 1, 1987.

On September 13, 1994 Congress enacted the Violent Crime Control
and Law Enforcment Act of 1994 (VCCLEA), Public Law 103-322, which
issued directives to the BOP to disqualify prisoners sentenced
under the Act from various BOP programs if they had "crimes of
violence" in their criminal history subsequently categorically
expanded to include "documented information from juvenile or YCA
adjudication[s] [that] can be used unless the record has been ex-
punged or vacated." See PS 5100.07 Manual (1999).

In or about December 2005, I became eligible for consideration
for placement in a federal prison camp. I was denied based on
"documented information from juvenile or YCA adjudication can be
used unless the record has been expunged or vacated" under the
PS 5100.07 (1999) as amended in Change Notice 2 to PS 5100.07
(1/31/2002).

The application of this new substantive rule to my case by the
Warden and institutional staff is in direct conflict with the ex
post facto clause and the law in effect at the time of my initial
program review and has had an adverse affect on my eligibility
for placement in various BOP programs including placement at a
federal prison camp.

For the foregoing reasons, I respectfully request your intervention
and order Warden John B. Box and his staff to comport with their
constitutional duty to apply PS 5100 Security Designation and Custody
Manual in effect at the time at my initial program review and grant
my camp eligibility status as requested.

Respectfully submitted,

Whitney Brown
Reg. No. 42655-080

BROWN, Whitney          Reg. No. 42655-080        FILED: 02-15-06

400024-R1               PART B-RESPONSE


You are appealing the Warden's response to your request to be
transferred to a minimum security facility. You indicate that
staff have breached their constitutional duty by applying Program
Statement 5100.07, <u>Security Designation and Custody Classification
Manual</u>, to your case. As relief, you request to be transferred to
a minimum security facility.

We have thoroughly reviewed your appeal. The <u>Security Designation
and Custody Classification Manual</u> applies to all inmates housed
within the custody of the Bureau of Prisons, regardless of what
year they began their incarceration. Furthermore, this manual
states the intent of the security and custody classification system
is to allow staff to use professional judgement within specific
guidelines to determine the most appropriate institution
assignment for an inmate. The system allows staff to ensure all
characteristics of an inmate's case are considered in decisions
regarding security and custody classification. In determining an
inmate's appropriateness for transfer to a minimum security
facility, we place heightened emphasis on ensuring the individual
would not present a potential threat to community safety or a risk
of escape.

We have thoroughly assessed all relevant factors in your case and
affirm the Warden's decision to deny you Camp placement. According
to the Presentence Investigation Report prepared in your case, you
received a juvenile adjudication on November 13, 1981, for the
offense of Kidnaping, which you committed on July 21, 1981. The
information about the offense indicates you forcibly abducted the
victim from her place of employment. According to the <u>Security
Designation and Custody Classification Manual</u>, juvenile
adjudications can be used unless the records have been expunged or
vacated. There is no information to suggest these records have been
expunged or vacated. Based on this information, we have
appropriately determined you present possible community safety
concerns. You are appropriately assigned to a Low security
institution.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may appeal
to the Bureau of Prisons, Administrative Remedy Section, 320 First
Street, N.W., Washington, D.C. 20534. Your appeal must be received
in that office within 30 days from the date of this response.


_____              _____
Date   3/13/06                      G. Maldonado, Jr.
                                    Regional Director


**SENSITIVE - LIMITED OFFICIAL USE**



WHITNEY BROWN, 42655-080
BASTROP FCI     UNT: AUSTIN     QTR: A10-877L
P.O. BOX 730
BASTROP,  TX 78602

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **BROWN, Whitney**                    **42655-080**          **AUSTIN**          **BASTROP FCI**
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**          **APPEAL OF REMEDY ID # 400024-R1**

I am appealing the Regional Director's decision in the above-referenced administrative remedy on the grounds that the application of Program Statement (P.S.) 5100.07, Security Designation and Custody Classification Manual, to my case, and the Regional Director's construction that it "applies to all inmates housed within the custody of the Bureau of Prisons, regardless of what year they began their incarceration" violates the ex post facto clause of the U.S. Constitution, Article I, Section 9, Clause 3.

This regional policy has incorporated substantive changes including "documented information from juvenile or YCA adjudication[s] [that] can be used unless the record has been expunged or vacated" Change Notice 2, 1/31/2002, that did not exist at the time that I was admitted to the BOP in 1990 in the version federal prison camp because it is being used to categorically preclude me from this BOP program benefit which originally began as a consequence of VCCLEA, effective September 13, 1994.

_4-4-06_
DATE

_Whitney Brown_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED
APR 10 2006
Administrative Remedy Section

_____
DATE

ORIGINAL: RETURN TO INMATE

_____
GENERAL COUNSEL

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                         BP-231(13)

BROWN, Whitney          Reg. No.  42655-080          AUSTIN UNIT          BASTROP FCI

APPEAL
OF
REMEDY ID # 400024-R1

The Regional Director knows, or reasonably should have known, that any new
program statement change to PS 5100.07, including the new publice safety
factor, noted above, in question "attaches new legal consequences to events
prior to its enactment" in light of clearly established Supreme Court case
Landgraf v USI Film Products, 511 US ___, ___, 128 L Ed 2d 229, 255, 114
S Ct 1483 (and cases cited therein).

Moreover, the Regional Director is aware, or reasonably should be aware, that
under his oath of office "that he shall take care that the laws be faithfully
executed," Article II, Section 2, Clause 3, and includes the constitutional
duty to faithfully enforce the Constituion.  Article VI, Clause 3.

The Regional Director which construes PS 5100.07 to "appl[y] to ALL inmates
within the Bureau of Prison, regardless of what year they began their incar-
ceration", Regional Director's Response, p. 1 (ALL in caps and underlining
for emphasis) clearly misapplies constitutional law under the ex post factor
clause for failing to provide an exception for inmates, like the grievant,
who have been incarcerated long before VCCLEA, PLRA, and subsequent congres-
sional acts that have directed the BOP to categorically preclude inmates
from various BOP program benefits, including federal prison camps.  Such a
a construction is overinclusive and irreconcilable with the ex post facto clause
and is void ab initio as a matter of general policy and, in particular, as
the policy has been applied in the grievant's case.

Based on the foregoing information and authorities, the grievant respectfully
requests that the Central Office nullify the decision of the regional
director; institute a program statement change notice of PS 5100.07 to clarify
the ex post facto clause implications and provide for an exception to the
general policy for the grievant, and others similarly situated, so that the
grievant may be accorded due process under the version of PS 5100.07 in effect
in 1990.

Respecfully submitted,

Whitney Brown
Reg. No.  42655-080
PO Box 1010
Bastrop, Texas  78602-1010

Page 2

**Administrative Remedy No. 400024-A1**
**Part B - Response**

You contend the element of eligibility for placement in a minimum
security prison which precludes such in your case does not apply
to you since you were in Bureau of Prisons' custody prior to when
such criteria went into effect.  You contend application of this
criteria to you violates the ex post facto clause of the U.S.
Constitution.  You request placement in a minimum security
prison.

Our review of this matter reveals both the Warden and Regional
Director have adequately addressed your concerns.  As provided in
Program Statement 5100.07, <u>Security Designation and Custody
Classification Manual</u>, you are precluded from placement in a
minimum security prison due to a juvenile conviction for
Kidnaping.  This conviction has not been expunged or vacated.

As to your contention the element which precludes your placement
in a minimum security prison violates the ex post facto clause of
the U.S. Constitution, we find no such evidence of such.  The
conditions of your confinement were not cast in stone upon your
arrival.  Such conditions are subject to change as determined
necessary by the Bureau of Prisons, Congress and the judiciary.

Your appeal is denied.

May 16, 2006
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

## Request for Administrative Remedy - Attempt at Informal Resolution
### FCI Bastrop, Texas

Date Delivered to Inmate: _11-29-2005_    By: _L. Gordon / Counselor/ Austin-Unit_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bureau of Prisons Program Statement 1330.7 requires that "before an inmate seeks formal review of a complaint (with BP-9) he/she must try to resolve the complaint informally by presenting it to a staff member". Also, the staff member must try to resolve the complaint informally before the inmate will be given a BP-9 form.

1.  WRITE YOUR COMPLAINT IN THIS SPACE, AS BRIEFLY AS POSSIBLE, INCLUDING DETAILS AND FACTS WHICH SUPPORT YOUR REQUEST.

    See attachment.

2.  WHAT ACTION DO YOU WISH TO BE TAKEN TO CORRECT THE SITUATION?

    See attachment.

3.  WHAT HAVE YOU DONE TO INFORMALLY RESOLVE THIS MATTER? TO WHOM HAVE YOU SPOKEN?

    See attachment.

INMATE NAME: Whitney Brown          REG. NO. _42655-080_
UNIT : _Austin Unit_               DATE: _12-06-2005_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Date Informal Submitted to Staff: _____    Submitted To: _____

The unit staff member who has attempted to resolve the matter will indicate below the efforts made towards resolution. Be specific, but brief: _____

RESPONDED TO BY: _____          DATE: _____

REVIEWED BY UNIT MANAGER: _____    DATE: _____

BP-8   Attempt at Informal Resolution

Whitney Brown    Reg. No. 42655-080    Austin Unit    Bastrop FCI

This an attempt to informally resolve an administrative practice by Austin Unit Team staff regarding the retroactive application of new substantive public safety factors (PSF) or management variables promulgated by the BOP under PS 5100.07 (9/3/99), the Security Designation and Custody Classification Manual (Custody Manual) to me, and other similarly situated prisoners in Austin Unit.

I have been continously incarcerated since October 31, 1988.  At my initial classification review hearing, none of these PSFs or management variables existed.  As a matter of BOP policy as its existed then, Unit Team members had more discretion and inmates sentenced under the Sentencing Reform Act of 1984 (SRA) (Nov 1, 1987 to September 12, 1994) with "crimes of violence" in their PSR were eligible for transfer to lower security institutions (federal prison camps).

In particular, I recently requested for consideration for transfer to a federal prison camp.  Roddy Stacy, my case manager, initially informed me that I was eligible.  After asking her if she had initiated my transfer request package, she informed me that a 24 year old juvenile conviction disqualified me.  After examining the Custody Manual I discovered that the PSF that Ms. Roddy was referring to became effective 1/31/2002 in Change Notice 2 to PS 5100.07.

Ms. Roddy was applying new substantive administrative rules that apply to prisoners sentenced under the Violent Crime Control and and Law Enforcement Act of 1994 (VCCLEA), Public Law 103-322 which became effective on September 13, 1994.  VCCLEA and any program statements promulgated under its congressional directives while lawful when applied to prisoners sentenced on or after the effective date of VCCLEA cannot apply to me without running afoul of the Ex Post Facto Clause.  Art. I, §9, cl. 3; See Landgraf v. USI Film Products, 128 L.Ed.2d 229, 252-253 (1994); Sweet v. Sheahan, 235 F.3d 80 (2nd Cir. 2000)(Substantive administrative rules and regulations generally apply only to conduct that occurs after effective date).

For the foregoing reasons, I respectfully request the Unit Team to reconsider its previous decision to deny me transfer to a federal prison camp.  The Unit Team's reason is unlawful and cannot serve as the factual basis for its decision.

**BROWN, Whitney**
**Reg. No. 42655-080**
**Austin Unit**

This is in response to your Administrative Remedy dated December 6, 2005, wherein you request your case be reconsidered for camp placement.

Many issues are reviewed when determining appropriateness for camp placement. Your case has been reviewed thoroughly by appropriate staff. A review of your case reveals that your not appropriate for camp placement due to a prior history of violent behavior. On November 13, 1981 you were committed to the California Youth Authority for a term not to exceed 7 years for Kidnaping. According to your PSI, arrest reports indicate that on July 24, 1981, you forcible abducted the victim from their place of employment. Given this history, we do not view you appropriate for camp placement. Program Statement 5100.07, Security Designation and Custody Classification Manual, states that the intent of the security and custody classification system is to allow staff to use professional judgement to determine the most appropriate institution assignment for an inmate. The system allows staff to ensure that all characteristics of an inmate's case are considered in decisions regarding security and custody classification. Management Variables provide a means for staff to document security concerns that are not fully represented in an inmate's Custody Classification scoring. Additionally, according to Program Statement 5100.07, Security Designation and Custody Classification Manual, "documented information from juvenile or YCA adjudication can be used unless the record has been expunged or vacated." The Kidnaping conviction has not been expunged or vacated. Therefore, you are not considered appropriate for camp placement due to a history of violence.

Your request is denied.

_____
Art Manuel, Austin Unit Manager

12/13/05
_____
Date

October 27, 2005


United States Attorney General
Office of Information and Privacy
United States Department of Justice
10th Street and Constitution Ave., NW
Washington, DC  20530

RE:  Privacy Act Correction Appeal
     Whitney Brown, Reg. No. 42655-080

Honorable United States Attorney General:

        This letter is for the purpose of putting your office on notice
that I am challenging erroneous information in my Presentence
Investigation Report (PSI) under the Privacy Act.  I am in the
process of exhausting my administrative remedy procedures with
the Federal Bureau of Prisons.  I am currently designated to the
Bastrop Federal Correctional Institution in Bastrop, Texas.

        The initial complaint filed with the BOP arose as a result
of erroneous information in my PSI concerning a juvenile conviction
that is being used by Institutional Unit Team members to preclude
me from numerous BOP benefits including eligibility for placement
at a BOP satellite prison camp.

        On or about June 2005, I wrote Franklin J. Olvera, Supervising
U. S. Probation Officer, U. S. District Court, Western District
of Texas, San Antonio Division, Probation Office.  On August 23,
2005, Mr. Olvera responded after conducting a "thorough review
of the records and the presentence report" and acknowledged the
erroneous information in my PSI.  See Exhibit A.

        I subsequently brought this information to the attention of
my Unit Team, but who nonetheless on relying on this erroneous
information in my PSI to my detriment.  This information has been
in my PSI for over seventeen (17) years and ask that you expunge
this erroneous information from my record or issue  a cease and
desist order under the Privacy Act to correct my PSI and further
order the BOP from using this erroneous information in their
security and classification calculations under PS 5100.07.

        I have not received an answer from my letter within the 10
days under the Privacy Act Correction Request.  Engelerius v.
Veteran's Administration, 837 F.2d 895, 896-898 (9th Cir. 1988).
I have due diligently sought to have this erroneous information
removed from my PSI, but my efforts have been frustrated by my
Case Manager who continues to rely on it to deny me any opportunity

(1)

Privacy Act Correction Appeal
Whitney Brown, Reg. No. 42655-080
October 27, 2005


for placement at a BOP satellite prison camp. Initially, my Case
Manager informed me that once I became eligible for camp placement
under BOP program statement guidelines, I would be recommended for
camp placement. Now, after exercising my administrative remedy
procedure privilege, my Case Manager has done everything within
her power to frustrate my efforts.

      For the foregoing reasons, I respectfully request that you
conduct an independent investigation under the applicable provisions
of the Privacy Act and take whatever corrective action is necessary
to clear this matter up.

                              Respectfully submitted,

                              Mr. Whitney Brown
                              Reg. No. 42655-080
                              Bastrop FCI - Austin Unit
                              P. O. Box 1010
                              Bastrop, Texas  78602-1010


file

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JAN 2 7 ⬚⬚

Mr. Whitney Brown
Register No. 42655-080
F.C.I., Austin Unit
P.O. Box 1010
Bastrop, TX 78602-1010

Dear Mr. Brown:

     This responds to your letter dated October 27, 2005, and received in this Office on November 7, 2005, in which you attempt to appeal from the failure of the Federal Bureau of Prisons to respond to your request for records concerning you.

     Please be advised that the Freedom of Information Act gives agencies twenty working days to respond to requests for access to records. See 5 U.S.C. § 552(a)(6)(A)(i)(2000); 28 C.F.R. § 16.6(b) (2005). This twenty-day period begins to run when the Office that possesses the records actually receives the request. See 28 C.F.R. § 16.3(a). The BOP received your request on October 12, 2005. An answer, therefore, was not due from that Office until November 9, 2005. Accordingly, I am closing your appeal as premature. You may appeal again to this Office once the BOP completes its action on your request.

     If you disagree with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                        Sincerely,

                        Melanie Ann Pustay
                        Deputy Director

BVE:PAJ:CIH

**Request for Administrative Remedy, Attempt at Informal Resolution**
**FCI Bastrop, Texas**

Date Delivered to Inmate: _3-3-06_    By: _B.Warren/Counselor/ Austin-Unit_

************************************************************************************************

Bureau of Prisons Program Statement 1330.7 requires that "before an inmate seeks formal review of a complaint (with BP-9) he/she must try to resolve the complaint informally by presenting it to a staff member". Also, the staff member must try to resolve the complaint informally before the inmate will be given a BP-9 form.

1.   WRITE YOUR COMPLAINT IN THIS SPACE, AS BRIEFLY AS POSSIBLE, INCLUDING DETAILS AND FACTS WHICH SUPPORT YOUR REQUEST.

_See Supplemental Attachment._

2.   WHAT ACTION DO YOU WISH TO BE TAKEN TO CORRECT THE SITUATION?

_See supplemental attachment._

3.   WHAT HAVE YOU DONE TO INFORMALLY RESOLVE THIS MATTER? TO WHOM HAVE YOU SPOKEN?
_See supplemental attachment._

INMATE NAME: _BROWN, WHITNEY_          REG. NO. _42655-080_
UNIT : _AUSTIN_                        DATE: _MARCH 4,2006_

************************************************************************************************

Date Informal Submitted to Staff: _03-05-2006_    Submitted To: _____

The unit staff member who has attempted to resolve the matter will indicate below the efforts made towards resolution. Be specific, but brief: _BP-8 submitted to Case mgr. (S. Roddy) for further Disposition. (1) Mrs. Roddy Does not have the authority to deny you a transfer to a camp. (2) Mrs. Roddy Did Contact the U.S. Probation Office who is now responsible for amending your U.S. Probation Office PreSentence / Post Sentence report and Copy to the Court and us. You need to address to your case Manager, a request for a Post-Sentence report w/ attachment of the U.S.PO'S_

RESPONDED TO BY: _ART V MANNING_          DATE: _3-6-06_ _statement_
REVIEWED BY UNIT MANAGER: _____          DATE: _3-6-06_ _Concerning your_

BP-8
Request for Administrative Remedy - Attempt at Informal Resolution
FCI Bastrop, Texas

SUPPLEMENTAL ATTACHMENT

This complaint is lodged against Mrs. Stacy Roddy, Austin Unit Case Manager, for dereliction of duty under Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files when I complained about inaccurate information regarding a California juvenile conviction contained in paragraph 35 of my presentence investigation report (PSI). Mrs. Roddy used the disputed information in an adverse decision denying me placement to a BOP federal prison camp which I subsequently appealed (Administrative Remedy No. 391136-A1).

In explaining the reasons for denial of my national appeal, Harrell Watts, BOP Administrator of the National Appeals explained BOP procedural and policy requirements when an inmate complaints about "inaccurate information" in their PSI. In relevant part, Mr. Watts states:

> "P.S. 5800.11 also states that if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. If the USPO subsequently reports that the challenged information, or some part thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO response to the challenged document." See Exhibit A attached (underlining for emphasis).

Upon receiving my national appeal response, I became aware of BOP policy and procedural requirements of P.S. 5800.11 which Mrs. Roddy failed to perform. Furthermore, Mrs. Roddy used to the disputed information in my PSI to deny me placement in a federal prison camp without conducting the mandated "Bureau[ ] inquiry." Id.

While my administrative appeal was pending at a subsequent six month team review, Mrs. Roddy alluded to the fact that I had "filed on her" as being part of the reason for denying placement in a camp--a retaliatory basis which explains her inaction in conducting a "Bureau[ ] inquiry" and an administrative act with P.S. 3420.09(c)(7) lack of impartiality in conflict with her duty under P.S. 5800.11 on my behalf.

Such unethical professional conduct is unbecoming of an officer and emphoyee of the Executive Branch of the United States Government under the Standards of Ethical Conduct for Employees of the Executive Branch, Title 5 CFR § 2635 and BOP P.S. 3420.09.

Although Mr. Watts claims that "staff have included a letter in your central file from the Supervising USPO, Western District of Texas" that statement is misleading because it was I, and not "staff," who wrote to the USPO after Mrs. Roddy made the adverse decision denying my placement to a federal prison camp. "Staff" have impeded my ability to present my case to the BOP. For these reasons, I want a proper inquiry conducted as required by P.S. 5800.11 and reconsideration of my previous request for placement at a federal prison camp after the BOP inquiry has been conducted.

BP-S148.070 **INMATE REQUEST TO STAFF MEMBER CDFRM**

**UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS**

DATE  3-7-06

TO: MR Stacy Roddy / MR Art Manuel.
   **(Name and Title of Officer)**

SUBJECT: State completely but briefly the problem on which you desire assistance and what you think should be done (Give details).

I'm Requesting through Program statement 5800.11, Inmate central file, privacy, folder, and parole mini-files, states an inmate may challenge The accuracy of the information in his inmate central file. unit Team staff shall Take Steps To Ensure The Accuracy of challenged information. staff should inform The Appropriate U.S. probation office (USPO) and based on The letter from Mr Franklin J. Olvera (supervising U.S.PO) I need a New P.S.I report reflecting This information be Taken out and Me properly placed in a criminal history category IV his statement being that I would still be in a sentencing range of 324 To 405 Months, Does not sit well with me, it's a catch 22 who is to say The judge wouldn't have gave me the 324 Months Thats and Extra 36 Months on one side, The other side is if he never would have put it in my P.S.I I wouldn't have to even be going Through This, so This Bigger Then Just Going To a camp, I need a New PSI Not a letter attached To my files, If It's wrong Then its wrong, so I'm asking you again To Take The proper steps.

**(Use other side of page if more space is needed)**

NAME: Whitney Brown
Reg. No.: 42655-080

Work Assignment: Barbershop
Unit: Austin

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)

Record Copy - File; Copy - Inmate