FILED

SEP 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Whitney Brown,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No.   06 1606
                                        )
Bureau of Prisons,                      )
                                        )
            Defendant.                  )

## MEMORANDUM AND ORDER

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Bastrop, Texas. Liberally construing the complaint submitted *pro se*, the Court determines that plaintiff is seeking monetary damages under the Constitution and the Privacy Act, 5 U.S.C. § 552a, for the Bureau of Prisons' alleged improper maintenance and use of his criminal records. He names several BOP employees as defendants. Plaintiff's constitutional claims are precluded by the Privacy Act's comprehensive scheme for judicial review of agency action arising from the maintenance of agency records. *See Chung v. United States Dep't of* Justice, 333 F.3d 273, 274 (D.C. Cir. 2003); *Mittleman v. United States Treasury*, 773 F. Supp. 442, 453 (D.D.C. 1991). Only federal agencies of the executive branch of the United States are subject to the Privacy Act's requirements and, thus, to a lawsuit arising thereunder. *See* 5 U.S.C. § 552a(a)(g)(1) (civil remedies). Pursuant to the screening requirements of 28 U.S.C. § 1915A, the Court therefore will dismiss the claims against the individual defendants for failure to state a claim

upon which relief may be granted, substitute the Bureau of Prisons as the sole defendant, and direct reassignment of the case for further proceedings in accordance with the Privacy Act.[1] Accordingly, it is

ORDERED that the complaint against all individually named defendants is DISMISSED; it is

FURTHER ORDERED that pursuant to Fed. R. Civ. P. 17, the Bureau of Prisons is substituted as the sole party-defendant; and it is

FURTHER ORDERED that the Clerk shall docket this case as captioned above and randomly reassign it to a district judge. A separate order assessing a partial filing fee and granting leave to proceed *in forma pauperis* will issue contemporaneously.

SO ORDERED.

_Rosemary M Colly_
United States District Judge

Date: _12 Sept 2006_

---

[1] The Court is required to screen a prisoner's complaint and dismiss it in whole or in part as soon as practicable if, among other grounds, the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a)-(b).

2