UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WHITNEY BROWN | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | Civil Action No. 06-1606 (GK) |
| | ) | |
| BUREAU OF PRISONS | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully moves to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), inasmuch as no subject matter jurisdiction exists in this Court over claims asserted and as the Complaint fails to state a claim upon which relief may be granted. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and proposed order.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
OLIVER W. MCDANIEL, D.C. Bar #377360
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITNEY BROWN )<br>)<br>        **Plaintiff** )<br>)<br>   **v.** )<br>)<br>**BUREAU OF PRISONS** )<br>)<br>        **Defendant.** )<br>_____ ) | Civil Action No. 06-1606 (GK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits the following memorandum of points and authorities in support of its motion to dismiss. Defendant submits that Plaintiff's putative Privacy Act claim fails for a number of reasons, not the least of which is the fact that Bureau of Prison (BOP) Inmate Central Records are now exempt from the accuracy provisions of the Privacy Act. Moreover, no statutory waiver of sovereign immunity supports Plaintiff's effort to advance any remaining claims that his Complaint could be read to sustain against the United States.[1]

### I. BACKGROUND

On September 15, 2006, Plaintiff, *Pro se*, a federal prisoner housed in the Federal Correctional Institution (FCI) at Bastrop, Texas, filed an eight-page Complaint in this Court. The Complaint, liberally read, purports to set forth a claim under the Privacy Act and various constitutional claims that have already been resolved. See footnote 1. Plaintiff, who reports that he has been incarcerated since October 31, 1988, alleges that his right to due process under the Fifth

---

[1] By memorandum and order filed September 15, 2006, this Court, pursuant to 28 U.S.C. § 1915A (a)-(b), dismissed all constitutional claims as precluded by the Privacy Act's comprehensive scheme.

and Fourteen Amendments and his right to counsel under the Sixth Amendment were violated when Franklin D. Olvera, Supervisory U.S. Probation Officer (SPO) for the Western District of Texas, allegedly "illegally unsealed the Petitioner's [juvenile] record without notice or opportunity to be heard" and other procedural safeguards. Compl. at 2.  Plaintiff contends, in various statements, that BOP essentially violated its commitment not to make public his juvenile records. Id.  Plaintiff contends that SPO Olvera acknowledged the error but failed to instruct the BOP's Unit Team either not to rely on Plaintiff's juvenile record or to expunge this record from his PSR. Id. at 7.  In addition to various alleged constitutional violations, Plaintiff also maintains that this improper use of his 1981 juvenile conviction for kidnaping recorded in his presentence report ("PSR") resulted in (1) a sentence of 360 months that was miscalculated under an incorrect sentencing guideline range and (2) adverse determinations by BOP concerning his security and custody classifications under BOP Program Statement 5100.07 ("PS 5100.07"). Compl. at 3-4, 6.

      Plaintiff characterizes the actions of officials involved as amounting to "dereliction of duty." Compl. at 4.  Plaintiff claims that the inappropriately disclosed information about his juvenile record was a basis for an adverse decision denying him the opportunity to be housed at a federal prison camp. Id. at 4-5.  Plaintiff also asserts that he was denied certain procedural rights or opportunities at the administrative level. Id. at 5.  Plaintiff as well appears to set forth his position that juvenile adjudications should not be used in computing a criminal history score (under the sentencing guidelines) if a defendant was released from confinement on the adjudication more than five years before the commencement of the offense in question. Id. at 6.

Plaintiff seeks several forms of relief. He seeks a hearing/jury trial, an order requiring officials to correct his records, a return to Plaintiff of "all records, files, and notifications" and monetary damages (for pain and suffering) in the amount of $10,000 from all parties.[2] Id. at 6, 7-8.

## II.   STANDARD OF REVIEW FOR MOTION TO DISMISS

The standard to be applied in deciding a motion to dismiss is well-established. For purposes of deciding whether a Plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. Caudle v. Thomason, 942 F. Supp. 635, 638 (D. D.C. 1996). Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted. Id. A court must dismiss a complaint where, even assuming all the factual allegations are true, Plaintiff has failed to establish a right to relief based upon those facts. Id.

The plaintiff bears the burden of establishing the court's subject matter jurisdiction. See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), *cert. denied*, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), *cert. denied*, 454 U.S. 1144 (1982). In deciding a motion under Rule 12(b)(1), the Court may go beyond the allegations of the Complaint. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995). Additionally, a court may properly take judicial notice of

---

[2] The Complaint initially named eight (8) defendants. As noted in its September 15, 2006 order, the Court determined that only federal agencies are subject to suit under the Privacy Act, and dismissed all officials sued in their individual capacities.

court records without converting a motion to dismiss into a motion for summary judgment. E.g., Baker v. Henderson, 150 F.Supp.2d 17, 19 n. 1 (D.D.C. 2001) (""in determining whether a complaint fails to state a claim, the court may take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); Himmelman v. MCI Communications, 104 F. Supp. 2d 1, 3 (D.D.C. 2000) ("[t]he court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record."). This is so because a motion under Rule 12(b)(1) "calls into question the court's power to hear the plaintiff's claim ... and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 5A Wright & Miller, Federal Practice & Procedure 2d § 1350; see also District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C.1987). Accordingly, the Court need not limit itself to the allegations of the Complaint in deciding a 12(b)(1) motion. Instead, "the Court may consider the complaint supplemented by undisputed facts evidenced in the record ... plus the court's resolution of disputed facts." Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir.1992). A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making determinations on a motion to dismiss under Rule 12(b)(6), a court must view facts alleged in the complaint in the light most favorable to the plaintiff. Id.; see also Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C. April 2001) (citing, Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001)), and Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998). In this case, Plaintiff fails to establish a right to relief on the claims asserted, even when accepting the facts he alleges as true.

Defendant, of course, does not concede that the factual allegations in the Complaint are true and, in fact, would dispute many of them if this matter could survive.

### III.    ARGUMENT

**A.    Plaintiff's Privacy Act Claim is Barred.**

The Privacy Act requires, inter alia, that agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5); Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). The Privacy Act provides both administrative and civil remedies for violations of its provisions.   Under § 552a(d)(2), for instance, an individual may request that an agency administratively amend records he claims are inaccurate. Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional. Sellers, 959 F.2d at 312. Defendant reminds the Court of Plaintiff's allegation that BOP employees were "derelict." Compl. at 4. Injunctive relief (such as the relief Plaintiff seeks requiring correction of his records) is not available under this act, and Plaintiff has failed to satisfy the requirements of 18 U.S.C. § 3626. Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).

**1.    The Privacy Act Does Not Apply to the PSI Report, Which is a Court Record.**

Plaintiff does not challenge the authenticity of his juvenile record, only whether it should be publicized. Compl. 3-4, 6-7. Instead, this challenge ultimately seeks damages for what Plaintiff asserts was BOP's improper disclosure and use of his juvenile record, leading to a miscalculation

5

of his sentencing guideline range and other harms. However, the Privacy Act only applies to records of agencies defined as follows:

> (f) For purposes of this section, the term–
>
> > (1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency. . .

5 U.S.C. § 552(f);  5 U.S.C. § 552a(a)(1) (adopting definition at "section 552(f) of this title).

Thus, the provisions of the Privacy Act are not available to provide Plaintiff the relief he seeks since the Privacy Act does not apply to the Court. See United States v. Chandler, 220 F.Supp.2d 165, 167-168 (E.D.N.Y. 2002).

### 2. The BOP Records at Issue in this Case Are Exempt from the Accuracy Provisions of the Privacy Act.

As a law enforcement agency, the Bureau of Prisons may be exempted from certain provisions of the Privacy Act. See 5 U.S.C. § 552a(j)(2). In 1987, the Department of Justice published a regulation exempting the Bureau of Prisons from the amendment provision of the Privacy Act, 5 U.S.C. §552a(d)(2). See 28 C.F.R. § 16.85 (1987); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997). The D.C. Circuit held, however, that, because the Bureau of Prisons had not been exempted from the accuracy provision of the Privacy Act, the Bureau of Prisons remained subject to civil actions under subsection (g)(1)(C) of the Act. Sellers, 959 F.2d at 309 (allowing civil action against Bureau of Prisons because "regulations governing the Bureau of Prisons and U.S. Parole Commission do not exempt those agencies' records from section (e)(5) of the Act"); see also

Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an agency fails to satisfy the standard in subsection (e)(5)").

This changed in 2002, when the Department of Justice published a regulation exempting certain Bureau of Prisons' record systems from the accuracy provision of the Privacy Act, § 552a(e)(5). See 28 C.F.R. § 16.97. The new regulation took effect on August 9, 2002. Among the record systems newly exempted from the accuracy provision was the Bureau of Prisons's Inmate Central Records System.

The impact of the 2002 regulations on cases such as this one was recently recognized by the D.C. Circuit in Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006):

> [T]he district court properly dismissed appellant's claims against the BOP. The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5). See 28 C.F.R. § 16.97(j). Appellant does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption. Even if it had waived the exemption, the record shows that the BOP provided a reasonable explanation for its refusal to correct its records as appellant requested. The BOP contacted the USPC and the USPO and was advised that the BOP's records regarding appellant were accurate.

Martinez, 444 F.3d at 624.

As noted in the Declaration of Stacy Roddy (hereinafter "Roddy Dec"), attached hereto as Exhibit 1, the PSI Report about which Plaintiff complains is maintained in the Inmate Central Records System, which is exempt from the amendment and accuracy provisions of the Privacy Act. Accordingly, Plaintiff cannot demonstrate that the Court has jurisdiction over his Privacy Act claim, and has failed to state a claim upon which relief can be granted.

### 3. Plaintiff's Privacy Act Claim is Barred by the Applicable Statute of Limitations.

Under the accuracy provision of the Privacy Act, claims must be brought within two years of the "date on which the cause of action accrues." 5 U.S.C. §552a(g)(1). The two-year limitations period may only be tolled where there has been material and willful misrepresentation of information necessary to establish agency liability. Id.; Tijerina v. Walters, 821 F.2d 789, 794 (D.C. Cir. 1987).

In the Complaint, Plaintiff alleges that he was denied a transfer to a prison camp without specifying the timing of this event. He also alleges that he has suffered an improper calculation under the Federal Sentencing Guidelines. Plaintiff acknowledges that the offense for which he was sentenced occurred in 1988, and the third and fourth documents attached to the Complaint, a letter from SPO Olvera and his own letter to SPO Olvera, both establish that Plaintiff was sentenced in April 1990. Given the subject of the letters, Plaintiff was clearly on notice as of that time of this potential claim. As this suit was not filed until August 21, 2006, this claim, and any other claim under the accuracy provision of the Privacy Act, which may have accrued prior to August 21, 2004, is barred by the statute of limitations.

### 4. The Relief Sought By Plaintiff Is Unavailable Under the Privacy Act.

The Privacy Act authorizes a civil action for violations specified in 5 U.S.C. § 552a(g)(1). Inasmuch as the suit is read to challenge the accuracy of information maintained by the BOP in the Inmate Central File, the Privacy Act only authorizes monetary damages in limited circumstances, and release from incarceration is not an available remedy for vindicating rights relating to maintenance of inaccurate records.[3]

---

[3] To the extent the Complaint can be construed as challenging the sentencing court's application of the guideline level at sentencing, this suit is a matter properly brought through a

C. **Plaintiff Fails to State Facts Sufficient to Allege a Privacy Act Claim.**

To state a claim for money damages under the Privacy Act,

> [A] plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an "adverse" "determination [wa]s made" respecting the plaintiff. U.S.C. § 552a(g)(1)(C). That is, the plaintiff must allege: inaccurate records, agency intent, proximate causation, and an "adverse determination.

Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002).

Here, Plaintiff's own records confirm, and Plaintiff cannot demonstrate otherwise, that he received a sentence that was within the range of sentences possible had Plaintiff been satisfied with the original guideline calculation. See August 23, 2005 Letter from SPO Olvera, the third document attached to the Complaint.

D. **Plaintiff Asserts No Other Waiver of Sovereign Immunity That Would Permit this Action to Proceed.**

Concerning Plaintiff's remaining claims, the United States has not waived sovereign immunity for suits seeking monetary damages for alleged constitutional violation. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Given the inapplicability of the Privacy Act to this case, Plaintiff has identified no other waiver of sovereign immunity which would permit this action to proceed against the Bureau of Prisons in this District. Sovereign immunity bars all suits against the United States

---

court's habeas jurisdiction. Anyanwutaku v. Moore, 151 F.3d 1053, 1056 (D.C. Cir.1998) (claims required to be brought under court's habeas jurisdiction " 'necessarily imply,' or automatically result in, a speedier release from prison"). In Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000), the Court of Appeals clearly pointed out that a prisoner imprisoned outside of the District of Columbia cannot challenge in this district the legality or duration of his confinement. Plaintiff must file a petition for habeas corpus in the district of his confinement to obtain the relief from his sentence which he seeks. The Court has cautioned against liberally construing and proceeding with civil actions as if filed as a § 2255 habeas petition. Rumsfeld v. Padilla, 542 U.S. 426 (2004).

except those suits permitted by the explicit terms of a statutory waiver of that immunity. Lane v. Pena, 518 U.S. 187, 192 (1996).  A liberal reading of the Complaint suggests that it was brought under the Privacy Act and the Constitution.[4]  The Constitution does not waive, explicitly or otherwise, the sovereign immunity of the United States.  See United States v. Testan, 424 U.S. 392, 401-402 (1976) ("the basis of a federal claim – whether it be the Constitution, a statute, or a regulation – does not create a cause of action for money damages" against the United States or its agencies, nor does it "eliminate[] from consideration the sovereign immunity of the United States").  It follows, given the inapplicability of the Privacy Act, that Plaintiff has failed to identify in the complaint any statute that would provide a waiver of sovereign immunity permitting this case to proceed against the Bureau of Prisons.  Therefore, accepting as true all of the factual allegations contained in the Complaint, this suit should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failing to state a claim. See Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 580 (D.C. Cir. 2002).

---

[4] As noted previously, the constitutional claims have already been resolved by the Court.

## IV. CONCLUSION

WHEREFORE, Defendant submits that this Motion to Dismiss should be granted, and that Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of December, 2006, I caused the foregoing Motion to Dismiss, Memorandum of Points and Authorities in Support Thereof and proposed order, to be served on Plaintiff, *Pro se*, by first-class mail, postage prepaid, addressed as follows:

WHITNEY BROWN
#42655-080
F.C.I. - BASTROP
P.O. Box 1010
Bastrop, TX 78602

/s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739