RECEIVED
JAN 0 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| WHITNEY BROWN, | § |
|     PLAINTIFF | § |
| | § |
| VS. | §    CIVIL ACTION NO: 06-1606(GK) |
| BUREAU OF PRISONS, | § |
|     DEFENDANT | § |

---

PLAINTIFF'S REPLY BRIEF

---

PREPARED FOR:

WHITNEY BROWN, PROCEEDING PRO SE

INMATE # 42655-080

P.O. BOX 1010

BASTROP, TEXAS 78602-1010

# TABLE OF CONTENTS

COVER PAGE

TABLE OF CONTENTS

TABLE OF AUTHORITIES

STATEMENT OF JURISDICTION

ARGUMENT

GROUND   ONE

        TWO

        THREE

---

# TABLE OF AUTHORITIES

CITATION

LOCATION

552 A (G)(1)(C) SELLERS (ID) DOE VS. UNITED STATES 821 F 2d. 694 708-709 (D.C. CIR 1987).

KRAMER VS. JENKINS 803 F 2d. 896 901 (7th. CIR 1986).

MCDUFFIE VS. ESTELLE, 935 F 2d. 682 684-686 (5th. CIR 1991).

28 U.S.C. 991 (b)(1).

UNITED STATES VS. SAFIRSTEIN, 827 F.2d 1380,1385 (9th. CIR 1987)

UNITED STATES VS. FRADY, 456 U.S. 152, 71 L.Ed 2d 816 102 S.Ct.(1982).

DAVIS VS. UNITED STATES, 411 U.S. 233, 245, 36 L.Ed 2d 216, 93 S.Ct. 1577 (1973).

HANINES VS. KERNER 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct. 594 (1972).

HANLEY VS. ESTELLE, 623 F.2d 1273 (1980).

## STATEMENT OF JURISDICTION
------------------------------------

THIS IS A REPLY BRIEF PURSUANT, TO DEFENDANT'S MOTION TO DISMISS, THIS COURT IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA HAS JURISDICTION PURSUANT TO 5 U.S.C. §§ 552 A (A)(G)(1). 5 U.S.C. § 552 A (G)(5). 5 U.S.C. § 552 A (E)(5) AND 552 A (G)(1)(C). SELLERS (id).

DOE. VS. UNITED STATES 821 F.2d 694, 708-709 (D.C. CIR. 1987) Id. IN WHICH CHIEF JUDGE MIKVA "ARTICULATED STANTARDS FOR THE REVIEW OF PRIVACY ACT CLAIMS."

KRAMER VS. JENKINS, 803 F.2d 896 901 (7th. CIR. 1986).

MCDUFFIE VS. ESTELLE, 935 F.2d 682 684-686 (5th. CIR. 1991).

ARGUMENT, GROUND I.
-----------------------------

THIS COURT HAS AUTHORITY TO GRANT THIS PETITION **(PRIVACY ACT)** AS TO WHETHER THE INFORMATION IN PLAINTIFF'S PRESENTENCE INVESTIGATION REPORT **(PSI).** IS INACCURATE IRRELEVANT, UNTIMELY OR INCOMPLETE WITHIN THE MEANING OF 5 U.S.C. **§ 552 A(E)(5)** AND **§ 552 A(G)(1)(C).**

THIS COURT HAS JURISDICTION TO PROCEED TO THE MERITS OF PLAINTIFF'S CLAIMS PRESENTED WHICH HAS CLEARLY DEMONSTRATED THAT A MANIFESTED INJUSTICE HAS FLOWED FROM THE UNCONSTITUTIONAL AND UNLAWFUL UNSEALING OF PLAINTIFF'S JUVENILE RECORDS. THE SENTENCING REFORM ACT OF 1984 WAS ENACTED AS **CHAPTER II OF THE COMPREHENSIVE CRIME CONTROL ACT OF 1984, PUBLIC LAW 98-473 OCTOBER 12, 1984, AND IS CODIFIED IN 18 U.S.C. SECTIONS 3551-3586, 3621-3626, 3742 AND 28 U.S.C. SECTIONS 991-998.** BECAUSE THE OFFENSE TO WHICH MOVANT PLEADED GUILTY OCCURRED AFTER NOVEMBER 1, 1987. THE SENTENCING REFORM ACT AND THE SENTENCING GUIDELINES PROMULGATED THEREUNDER APPLY. IN THE SENTENCING REFORM ACT OF 1984 CONGRESS DESCRIBED A NUMBER OF FACTORS TO BE CONSIDERED BY THE COURT IN IMPOSING SENTENCES. ONE OF THE MOST IMPORTANT FACTORS IS **"THE NEED TO AVOID UNJUSTICE, 18 U.S.C. § 3553 (A)(6).** CONGRESS ALSO CREATED THE UNITED STATES SENTENCING COMMISSION AND AUTHORIZED IT TO PROMULGATE SENTENCING GUIDELINES. ONE OF THE PRIMARY PURPOSES OF THE SENTENCING COMMISSION IS TO ESTABLISH SENTENCING POLICIES AND PRACTICES FOR THE FEDERAL CRIMINAL JUSTICE SYSTEM THAT:

> (B) **PROVIDE CERTAINTY AND FAIRNESS IN MEETING THE PURPOSES OF SENTENCING, AVOIDING UNWARRANTED SENTENCING DISPARITIES AMONG DEFENDANTS...WHILE MAINTAINING SUFFICIENT FLEXIBILITY TO PERMIT INDIVIDUALIZED SENTENCES WHEN WARRANTED BY MITIGATING OR AGGRAVATING FACTORS NOT TAKEN INTO ACCOUNT IN THE ESTABLISHMENT OF GENERAL SENTENCING PRACTICES. 28 U.S.C. §991(b)(1).**

WITH THESE PURPOSES IN MIND THE SENTENCING COMMISSION DRAFTED GUIDELINES. THE GUIDELINE REGIME FOCUSES ON TWO SETS OF FACTORS. OFFENSE CHARACTERISTICS AND OFFENDER CHARACTERISTICS. THE GUIDELINES DESIGNATE A BASE OFFENSE LEVEL RANGING FROM ONE TO FORTY FOR EACH STATUTORILY DEFINED CRIME. **SEE: UNITED STATES SENTENCING**

COMMISSION, FEDERAL SENTENCING GUIDELINE'S MANUAL, CHAPTER 2 (1988). SPECIFIC OFFENSE GUIDELINES INCLUDE ADJUSTMENTS BASED ON THE AMOUNT OF PROPERTY INVOLVED, WHETHER FIREARMS WERE USED, THE DEGREE OF PERSONAL INJURY SUSTAINED BY THE VICTIM, AND SO ON. IN ADDITION, THE GUIDELINES SET FORTH GENERAL ADJUSTMENT PROVISIONS APPLICABLE TO ALL OFFENSES. THESE RELATE TO THE STATUS OF THE VICTIM, THE OFFENDER'S SPECIFIC ROLE IN THE OFFENSE, OBSTRUCTION OF JUSTICE, AND ACCEPTENCE OF RESPONSIBILITY.

THE ONLY OFFENDER CHARACTERISTICS DEEMED RELEVANT BY THE COMMISSION RELATE TO PRIOR CRIMINAL HISTORY. FROM THE OFFENDER'S PRIOR RECORD THE COURT MUST CALCULATE A CRIMINAL HISTORY SCORE. SPECIFICALLY EXCLUDED FROM THE CALCULUS ARE THE OFFENDER'S AGE, EDUCATION, VOCATIONAL SKILLS, MENTAL CONDITIONS, PREVIOUS EMPLOYMENT RECORD, FAMILY TIES AND RESPONSIBILITIES, AND COMMUNITY TIES. TO CHOOSE THE APPROPRIATE GUIDELINE SENTENCE THE COURT CONSULTS A TWO-DEMENTIONAL MATRIX WITH OFFENSE LEVEL AND CRIMINAL HISTORY CATEGORY AS ITS TWO AXIS. EACH COMBINATION OF OFFENSE LEVEL AND CRIMINAL HISTORY SCORE YIELDS A SPECIFIC RANGE OF MONTHS OF IMPRISONMENT.

AS AN INITIAL MATTER THE UNITED STATES PROBATION OFFICE CALCULATES A DEFENDANT'S OFFENSE LEVEL, CRIMINAL HISTORY SCORE, AND IMPRISONMENT RANGE. IT THEN PROVIDES THEM TO THE COURT IN THE P.S.I. IF THE GOALS OF CERTAINTY, FAIRNESS AND AVOIDANCE OF UNWARRANTED DISPARITY IN SENTENCING ARE TO BE ACHIEVED, THESE CALCULATIONS MUST BE ACCURATE AND MUST RESPECT A DEFENDANT'S CONSTITUTIONAL DUE PROCESS RIGHTS.

IN THE INSTANT CASE PLAINTIFF MADE OBJECTIONS TO THE PRESENTENCE REPORT CONCERNING PARAGRAPH 35 OF THE PRESENTENCE REPORT. PLAINTIFF CONTENDS THAT THE **UNITED STATES PROBATION OFFICER AND THE BUREAU OF PRISON'S ERRED BY ADOPTING PARAGRAPH 35 OF THE P.S.I.**

PARAGRAPH 35 PERTAINS TO A JUVENILE CONVICTION ON NOVEMBER 13, 1981. PLAINTIFF, WAS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY FOR A TERM NOT TO EXCEED 7 YEARS. THE UNITED STATES PROBATION OFFICER ADDED 2 POINTS TO PLAINTIFF'S CRIMINAL HISTORY SCORE FOR THIS CONVICTION UNDER **4 A1.1(b)**. THE UNITED STATES PROBATION OFFICER ERRED

IN CALCULATING THE JUVENILE CONVICTION IN THE CRIMINAL HISTORY SCORE IN THE INSTANT CASE. THE BUREAU OF PRISONS ERRED IN ADOPTING THE CRIMINAL HISTORY SCORE OF THE **P.S.I.**. BY USING THIS JUVENILE CONVICTION AFTER LEARNING THROUGH THE UNITED STATES PROBATION OFFICER BY LETTER, THAT **PARAGRAPH 35,** SHOULD NOT BE IN PLAINTIFFS **P.S.I.**

PLAINTIFF CONTENDS THAT THE DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY DO NOT ALLOW FOR THE USE OF A JUVENILE CONVICTION WHERE THE DEFENDANT WAS RELEASED FROM CONFINEMENT OVER 5 YEARS FROM THE COMMENCEMENT OF THE INSTANT OFFENSE.

PLAINTIFF HAS A CONSTITUTIONAL DUE PROCESS RIGHT NOT TO BE SENTENCED ON THE BASIS OF EITHER INVALID INFORMATION OR GROUNDLESS INFERENCES DRAWN FROM OTHERWISE VALID INFORMATION., **UNITED STATES VS. SAFIRSTEIN, 827 F.2d 1380, 1385 (9th. CIR. 1987).** THIS WOULD BE TRUE EVEN IN THE ABSENCE OF SENTENCING GUIDELINES, BUT THE STRUCTURE OF THE GUIDELINES HEIGHTENS THIS CONCERN. FOR A DEFENDANT IN PLAINTIFF'S POSITION, ACCEPTING OR REJECTING THE USE OF ADDITIONAL CRIMINAL HISTORY POINTS IN CALCULATING THE GUIDELINE RANGE MEANS A DIFFERENCE OF UP TO 36 MONTHS IN PRISON, AND THE BUREAU OF PRISONS WILL STILL BE ABLE TO USE THIS JUVENILE CONVICTION AGAINST PLAINTIFF, DENYING, SECURITY CLASSIFICATION, JOB OR QUARTERS ASSIGNMENTS, GATE PASSES, OR TRANSFERS TO OTHER INSTITUTIONS AND CAMPS. THE UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, SHOULD ACT IN SEEING THAT JUSTICE IS AFFORDED TO THE PLAINTIFF, IF THE RECORD MAKES PLAIN A **RIGHT TO RELIEF.**

### ARGUMENT, GROUND II.

PLAINTIFF MUST DEMONSTRATE BOTH (1) **"CAUSE FOR PROCEEDURAL DEFAULT,"** AND (2) **"ACTUAL PREDJUDICE RESULTING FROM ERRORS OF WHICH PLAINTIFF COMPLAINS. UNITED STATES VS. FRADY, 456 U.S. 152, 71 L.Ed 2d 816, 102 S.Ct. (1982).**

THE UNITED STATES PROBATION OFFICER, AND BUREAU OF PRISONS FAILURE TO CORRECT PLAINTIFF'S **P.S.I.**...WHEN ERROR WAS OF THE NATURE OF PLAIN ERROR AND OF CONSTITUTIONAL MAGNITUDE AS TO DENY PLAINTIFF HIS **DUE PROCESS RIGHTS,** COULD SHOW **"CAUSE".** HENCE, THE REMAINING QUESTION IS WHETHER PLAINTIFF CAN SHOW ACTUAL **"PREDJUDICE"** IN ORDER

TO OBTAIN RELIEF. **DAVIS VS. UNITED STATES, 411 U.S. 233,245,36 L.Ed 2d 216, 93 S.Ct. 1577 (1973).** IT IS PLAINTIFF'S CONTENTION THAT **"ACTUAL PREDJUDICE"** RESULTS FROM BEING SENTENCE ILLEGALLY USING THE TWO DIMENSIONAL MATRIX WITH OFFENSE LEVEL AND CRIMINAL HISTORY CATEGORY. WERE THE CRIMINAL HISTORY SCORE HAS BEEN COMPILED INCORRECTLY PURSUANT TO **4 A1.1 (b).** USING A JUVENILE CONVICTION, ADDING TWO POINTS TO THE CRIMINAL HISTORY SCORE WHICH **U.S.S.G.** DOES NOT ALLOW, ADDED AN ADDITIONAL 36 MONTHS TO PLAINTIFF'S SENTENCE. SINCE THE **P.S.I.** WAS THE BASIS UPON WHICH THE SENTENCE WAS IMPOSED, AND SINCE THE BUREAU OF PRISONS USES THE **P.S.I.** INFORMATION TO DENY TRANSFERS TO LOWER SECURITY PRISONS.

ON OR ABOUT JUNE 15, 2005, THE PLAINTIFF REQUESTED CONSIDERATION FOR PLACEMENT AT A LOWER SECURITY FEDERAL PRISON CAMP. THE BUREAU OF PRISON'S UNIT TEAM DENIED HIS REQUEST, RELYING ON THE UNSEALED PERSONAL CRIMINAL HISTORY AND THE UNDERLYING FACTS OF THE OFFENSE CONDUCT OF THE JUVENILE CONVICTION AS STIPULATED IN THE PETITIONER'S **P.S.I., PAGE 12, PARAGRAPH 35.** THE UNIT TEAM FOR THE FEDERAL BUREAU OF PRISONS HERE AT THE **F.C.I. BASTROP,** ADVISED THE PLAINTIFF THAT THEY DID NOT HAVE ANY AUTHORITY TO MAKE ANY CHANGES TO THE **P.S.I.** AND THAT PLAINTIFF SHOULD CONTACT THE **PROBATION OFFICE.**

CONSEQUENTLY, IN JUNE OF 2005, THE PLAINTIFF WROTE THE **UNITED STATES PROBATION OFFICE, FRANKLIN J. OLVERA,** SEEKING TO "STRAIGHTEN AND CORRECT THE ERROR IN PLAINTIFF'S P.S.I.. BY WRITING A LETTER OF CLEARANCE TO ADD TO PLAINTIFF'S **P.S.I.,** OR A LETTER OF SUPPORT FOR THE BUREAU OF PRISONS, **TO EXPUNGE OR NOT USE THIS INFORMATION AGAINST PLAINTIFF..(SEE LETTER FROM WHITNEY BROWN TO FRANKLIN J. OLVERA, SUPERVISING UNITED STATES PROBATION OFFICER.)** IN RESPONSE, SUPERVISING **UNITED STATES PROBATION OFFICER, FRANKLIN J. OLVERA,** ACKNOWLEDGED THE **ERROR.** PLAINTIFF NOW REQUESTS THIS COURT TO USE IT'S **"INHERENT EQUITABLE POWER TO VOID THE PLAINTIFF'S JUVENILE CONVICTION AS RELIEF;** FOR THE PROBATION OFFICE'S AND THE BUREAU OF PRISONS FAILURE TO COMPLY WITH THE FEDERAL LAW, USING A JUVENILE CONVICTION.

ACTUAL PREJUDICE OCCURRED WHEN PLAINTIFF'S CRIMINAL HISTORY SCORE WAS CALCULATED AT 10 POINTS, CATEGORY V, INSTEAD OF 8 POINTS. THIS JUVENILE CASE SHOULD BE **EXPUNGED FROM THE PLAINTIFF'S P.S.I.**

## ARGUMENT, GROUND III.
------------------------------

THE BUREAU OF PRISON (DEFENDANT), REPRESENTED BY JEFFREY A. TAYLOR, D.C. BAR # 498610, UNITED STATES ATTORNEY RUDOLPH CONTRERAS D.C. BAR # 434122, ASSISTANT UNITED STATES ATTORNEY, OLIVER W. MCDANIEL, D.C. BAR # 377360, FILED A MOTION TO DISMISS, STATING THAT PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. I FIRST WANT THE COURT TO RECONGNIZE THAT I AM OF THE UNLEARNED, AND SELF TAUGHT. BUT THE FACT OF THE MATTER IS I COULD NOT READ OR WRITE WHEN I CAME INTO PRISON AND THROUGH READING I AM LEARNING TO COMPREHEND, AND UNDERSTAND WHAT I READ. I OBJECTED TO THIS JUVENILE CONVICTION YEARS AGO, AND EVERY STEP OF THE WAY I HAVE BEEN BEAT DOWN. I CAN'T COMPETE AGAINST THESE EDUCATED LAYWERS AS I COULD IF I KNEW LEGAL CONVERSATION, WHERE I COULD ARGUE WITH THEM ON WORDS OF THE LAW. HOWEVER THE FACT REMAINS THE SAME, THIS JUVENILE CONVICTION THAT SHOULD NOT BE IN MY **P.S.I.**, AND ONCE I LET THE BUREAU OF PRISONS UNIT TEAM KNOW THAT IT SHOULD NOT BE THERE, THEN UNDER **PROGRAM STATEMENT 5800.11, STATES THAT IF AN INMATE CHALLENGES INFORMATION IN THE PRESENTENCE INVESTIGATION REPORT (P.S.I), THEN STAFF SHOULD INFORM THE APPROPRIATE UNITED STATES PROBATION OFFICE (U.S.P.O) IN WRITING OF THE DISPUTED INFORMATION, (NOT THE INMATE) IF THE U.S.P.O. SUBSEQUENTLY REPORTS THAT THE CHALLENGED INFORMATION, OR SOME PART THEREOF IS NOT ACCURATE, <u>STAFF SHALL ATTACH THE BUREAU'S INQUIRY.</u>** AND THE U.S.P.O.'S RESPONSE TO THE CHALLENGED DOCUMENT.

THROUGH ADMINISTRATIVE REMEDIES, BASED ON THE LETTER FROM UNITED STATES PROBATION OFFICER, FRANKLIN J. OLVERA, I ASKED MY UNIT TEAM TO SEND MY **P.S.I.** REPORT BACK TO THE PROBATION OFFICER, AND FOR HIM TO EXPUNGE THIS INFORMATION FROM MY **P.S.I.** REPORT. THE FACT OF THE MATTER IS THAT THE BUREAU OF PRISONS IS USING INFORMATION THAT IS NOT TRUE, WHICH CAN'T BE ESTABLISHED, BECAUSE PLAINTIFF'S JUVENILE RECORDS HAVE BEEN DESTROYED, BUT THIS INFORMATION RELATING TO THIS JUVENILE INFORMATION THAT WAS WROTE BY THE PROBATION OFFICER IS ALSO FALSE. BUT THE MAIN ISSUE IS THAT IT SHOULD NOT BE IN MY **P.S.I.**. MS STACY RODDY THE UNIT CASE MANAGER, AND UNIT TEAM, SHOULD HAVE NEVER TOLD ME THEY

WOULD SEND ME TO A CAMP AFTER I HAD LESS THAN 10 YEARS REMAINING ON MY SENTENCE, AND ONCE I INFORMED THEM OF THE INFORMATION, THE UNIT TEAM SHOULD HAVE MADE THE INQUIRY.

IT HAS LONG BEEN RECOGNIZED THAT "FAIRNESS CAN RARELY BE OBTAINED BY SECRET, ONE-SIDED DETERMINATION OF FACTS DECISIVE OF RIGHTS... [AND] NO BETTER INSTRUMENT HAS BEEN DEVISED FOR ARRIVING AT TRUTH THAN TO GIVE A PERSON IN JEOPARDY OF SERIOUS LOSS NOTICE, AND HIS DAY IN COURT. IN LIGHT OF THE FOREGOING AUTHORITIES AND THE FACT THAT COLLATERAL CONSEQUENCES FLOW FROM [THE PLAINTIFF'S JUVENILE] CONVICTION AND IS THEREFORE, "IRREBUTTABLE" THIS COURT HAS JURISDICTION TO PROCEED TO THE MERITS OF THE PETITIONER'S CLAIMS.

PETITIONER PRAYS THAT THIS HONORABLE COURT:

1. SET THIS MATTER FOR HEARING, AND NOT DISMISS PLAINTIFF'S COMPLAINT.
2. AFTER THE HEARING ON THIS MATTER, TO ORDER EACH OFFICIAL, AGENCY, OR OTHER PUBLIC ENTITY THAT THERE IS REASON TO BELIEVE POSSESSES RECORDS OR FILES CONCERNING THE ARREST AND CONVICTION OF PETITIONER'S JUVENILE ADJUDICATION TO REMOVE ALL RECORDS AND FILES CONCERNING THE ARREST AND CONVICTION TO THE COURT, OR IF REMOVAL IS IMPRACTICABLE, THEN TO OBLITERATE ALL REFERENCES TO PETITIONER AND NOTIFY THE COURT OF ITS ACTIONS.
3. TO RETURN TO PETITIONER ALL RECORDS, FILES, AND NOTIFICATIONS OF THE DISPOSITION OF RECORDS AND FILES.
4. TO ORDER ALL PARTIES TO PAY THE SUM OF TEN THOUSAND DOLLARS ($10,000.00) FOR THE PAIN CAUSED, AND THE TROUBLE FORCED UPON PETITIONER TO TRY AND CORRECT AND SET HIS RECORDS STRAIGHT.

I WANT TO MAKE THIS CLEAR THAT I UNDERSTAND THIS IS NOT A MOTION TO TRY AND GET A TIME CUT, PLAINTIFF HAS BEEN INCARCERATED FOR 18 YEARS STRAIGHT, I HAVE EARNED A RIGHT TO PREPARE MYSELF TO RE-ENTER SOCIETY, AND NOT BE JUDGED ON A JUVENILE CASE THAT IS OVER 25 YEARS OLD. I AM HAVING TO FIGHT FOR A SMALL AMOUNT OF JUSTICE BASED ON A CRIME THAT HAS BEEN PAID.

THE BUREAU OF PRISONS SHOULD BE ASHAMED OF THE MORALS THAT THEY DENY ME ON. THEY SHOULD BE HELD ACCOUNTABLE FOR THEIR ACTIONS AS WELL, AS THE UNITED STATES PROBATION OFFICER, FRANKLIN J. OLVERA,

FOR NOT WANTING TO MAKE RIGHT A WRONG, WHEN I AM GIVING 30 YEARS OF MY LIFE, UNDER AN UNJUST SYSTEM. EVEN THOUGH I AM WORKING OFF OF THE KNOWLEDGE OF A G.E.D., I AM ASKING THE HONORABLE JUDGE OF THIS COURT TO JUDGE MY CASE BASED ON THE FACTS SURROUNDING MY CASE. BASED ON THE LETTER FROM THE UNITED STATES PROBATION OFFICER. ALL THESE CASES THE UNITED STATES ATTORNEY AND HIS ASSISTANTS HAVE STATED IN THEIR BRIEFS HAD THEIR DAY IN COURT. PLAINTIFF HAS STATED A CLAIM TO THE BEST OF PLAINTIFF'S ABILITY AND THE ONLY RELIEF CAN COME FROM THE HONORABLE JUDGE OR JURY STOPPING ALL PARTIES FROM USING THIS JUVENILE CONVICTION AGAINST PLAINTIFF. PLAINTIFF HAS A CONSTITUTIONAL DUE PROCESS RIGHT NOT TO BE SENTENCED ON THE BASIS OF INVALID INFORMATION OR GROUNDLESS INFERENCES DRAWN FROM OTHERWISE VALID INFORMATION, WHICH ALSO WOULD STOP THE BUREAU OF PRISONS FROM DENYING PLAINTIFF THE RIGHT TO A LOWER SECURITY CLASSIFICATION INSTITUTION CAMPS, GATE PASSES OR TRANSFERS.

PETITIONER RESPECTFULLY REQUESTS THIS UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA TO HOLD PETITIONER'S "PRO/SE" MOTION HEREIN PREPARED AND FILED PURSUANT TO § 552 A(A)(G)(1), AND 5 U.S.C. § 552 A(G)(5), 5 U.S.C. § 552 A(E)(5), AND § 552 A(G)(1)(C). SELLERS (Id) DOE VS. UNITED STATES 821 F.2.1 F.2d 694,708-709 (D.C. CIR. 1987), **TO A LESS STRINGENT STANDARD THAN FORMAL PLEADINGS DRAFTED BY AN AUTHORIZED PROFESSIONAL ATTORNEY AT LAW, AS HELD BY THE UNITED STATES SUPREME COURT RULES.** FURTHER PETITIONER ASSERTS THAT THIS COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM, UNLESS IT APPEARS BEYOND A REASONABLE DOUBT PETITIONER CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM, WHICH WOULD ENTITLE HIM TO RELIEF **HANINES VS. KERNER, 404 U.S. 519, 30 L.Ed 652, 92 S.Ct. 594 (1972).** FURTHERMORE IN **HANLEY VS. ESTELLE, 623 F.2d 1273 (1980), ANY PRO/SE PETITIONER CANNOT BE ASSUMED TO HAVE KNOWLEDGE OF FEDERAL OR STATE LEGAL PROCEEDURES OR THE LEGAL BASIS WHICH MAY JUSTIFY RELIEF AND CANNOT BE PENALIZED DUE TO HIS INEXPERIENCES WITH THE LAW OF THE LAND.**

A PETITIONER WHO FAILS TO SATISFY THE CAUSE AND PREJUDICE STANDARD, MAY NONETHELESS BE ENTITLED TO RELIEF IF HE CAN SHOW THAT IMPOSITION OF PROCEDURAL BAR WOULD CONSTITUTE A MISCARRIAGE OF JUSTICE.

PLAINTIFF COMES BEFORE THIS HONORABLE COURT, AND PRAYS IN THIS **PRO/SE MOTION,** AND ASKS THIS COURT TO LET JUSTICE BE DONE.

PETITIONER SUBMITS TO THIS HONORABLE COURT, FOR JUSTICE AND STANDS ON THE ORIGINAL BRIEF AND ISSUES AS BEFORE. THIS IS THE TIME AND THE PLACE TO MAKE RIGHT THESE ISSUES. I SEEK AND HOPE IN THIS RULING, JUST TO HAVE THIS OPPORTUNITY IS A BLESSING FOR THE FOREGOING REASONS. PLAINTIFF'S MOTION SHOULD BE GRANTED IN ACCORDANCE AND COMPLIANCE WITH ALL FEDERAL LAWS AND RELIEF THIS COURT DEEMS JUST AND PROPER.

### CONCLUSION

THE FACTS OF THIS CASE, THE LAWS AND STATUTES, THE UNITED STATES CONSTITUTION, THE FEDERAL RULES OF CIVIL PROCEDURE, THE ETHICS AND MORALS OF OUR CIVIL JUSTICE SYSTEM, DEMAND THAT JUSTICE BE DONE, BASED ON HIS CONSTITUTIONAL VIOLATIONS TO BE TREATED FAIR AND JUST.

RESPECTFULLY SUBMITTED,

*Whitney Brown*

WHITNEY BROWN, FILING PRO/SE
ON THIS 22nd DAY OF DECEMBER, 2006
INMATE # 42655-080
P.O. BOX 1010
BASTROP, TEXAS 78602-1010

## CERTIFICATE OF SERVICE

   I, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FORE-GOING PLAINTIFF'S REPLY BRIEF HAS BEEN FORWARDED BY UNITED STATES MAIL, POSTAGE PRE-PAID, FIRST-CLASS, CERTIFIED RECEIPT, TO THE FOLLOWING PERSON OF INTEREST.


MR. OLIVER W. MCDANIEL, D.C. BAR NO:377-360
ASSISTANT UNITED STATES ATTORNEY
CIVIL DIVISION
555 FOURTH STREET, N.W.
WASHINGTON, D.C. 20530
(202) 616-0739


                    RESPECTFULLY SUBMITTED,

                    _____Whitney Brown_____
                    WHITNEY BROWN, FILING PRO/SE
                    ON THIS 22nd. DAY OF DECEMBER, 2006
                    INMATE # 42655-080
                    P.O. BOX 1010
                    BASTROP, TEXAS 78601-1010