UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITNEY BROWN )<br>)<br>      **Plaintiff** )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS )<br>)<br>      **Defendant.** )<br>) | Civil Action No. 06-1606 (GK) |

**REPLY MEMORANDUM TO
PLAINTIFF'S OPPOSITION REPLY BRIEF
TO DEFENDANT'S MOTION TO DISMISS**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully files this reply memorandum in response to Plaintiff's opposition memorandum to Defendant's Motion to Dismiss, which he styled as a "Reply Brief." By his opposition, Plaintiff has unwittingly confirmed that his claims are without merit and should be dismissed. Plaintiff's arguments, moreover, fail to overcome the deficiencies in his claims identified by Defendant.

**DISCUSSION**

**Summary of Defendant's Arguments Supporting Dismissal**

Defendant's motions to dismiss establishes that, notwithstanding that the presentence report is now a part of the records of the U.S. Bureau of Prisons (BOP), it is, nonetheless, a record of the court that prepared it. And, the provisions of the Privacy Act are not available to provide Plaintiff the relief he seeks since the Privacy Act does not apply to the court. See United States v. Chandler, 220 F.Supp.2d 165, 167-168 (E.D.N.Y. 2002). Further, Defendant has established that the presentence report about which Plaintiff complains is maintained in the Inmate Central Records System of the BOP, which is exempt from the amendment and accuracy provisions of the Privacy

Act. Accordingly, Plaintiff cannot demonstrate that the Court has jurisdiction over his Privacy Act claim. Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006). Finally, the fact that Plaintiff's claim accrued long ago, closer in time to his 1990 sentencing date, and the obvious expiration of the limitations period, forecloses any possibility that Plaintiff has a viable cause of action under the Privacy Act.

Plaintiff writes at length about the impropriety of his sentencing guideline calculation. So much so that, despite his denial, it appears rather clear, as Defendant argued in its motion to dismiss, that the presentence report correction he seeks would have a probabilistic impact on the length of his sentence. Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000). Plaintiff cannot maintain a civil action in order to affect his sentence. Rather, he must file a habeas corpus action in the district of his confinement to obtain the relief he seeks. Plaintiff has no other valid basis for pursuing claims for monetary or injunctive relief. See Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 580 (D.C. Cir. 2002). Under the Privacy Act, a litigant may collect damages only if the agency's conduct was willful or intentional. Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). Defendant established that Plaintiff alleged in the Complaint that BOP employees were "derelict," compl. at 4, which clearly does not constitute wilful or intentional conduct. Plaintiff has failed to address this deficiency in his opposition. Finally, Defendant established that injunctive relief (such as the correction of Plaintiff's records) is not available under this Privacy Act, and Plaintiff cannot satisfy the requirements of 18 U.S.C. § 3626. Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997). Given the foregoing, as Defendant established, Plaintiff's suit should be dismissed.

**Plaintiff's Arguments in his Opposition Reply Brief**

In response to Defendant's arguments, Defendant begins only with a bald assertion that this Court has authority to grant, or has jurisdiction over, what he describes as "his petition." Pltf's Reply Brf at 4. Plaintiff does not offer any authority in support of this claim. After his initial assertion, Plaintiff thereafter inexplicably launches into an extensive discussion of the sentencing guidelines. Id. at 4-6. During this discussion, Plaintiff recounts how he objected to paragraph 35 of his presentence report, which reportedly addressed his juvenile adjudications. This discussion, along with the fact that Plaintiff claims that this so-called flaw in his presentence report has constitutional dimensions, supports Defendant's conclusion that Plaintiff is seeking to shorten the length of his imprisonment.

Without an apparent basis for a Privacy Act claim, Plaintiff nonetheless next argues that he can establish actual prejudice because the court used his allegedly flawed presentence report to craft his original sentence and because BOP used it to deny his request to transfer to a lower security prison. Pltf's Reply Brf at 6-7. Plaintiff's challenge to the accuracy of his presentence report and his resulting sentence necessarily implies the invalidity of his conviction or sentence. And, since his conviction or sentence has not previously been invalidated, such a challenge, which cannot be advanced through the vehicle of a civil action, should have been mounted on direct appeal or should be advanced in a habeas action. Razolli, 230 F.3d at 373-74, citing Edwards v. Balisok, 520 U.S. 641 (1997); see also, Gravely v. Speranza, 408 F.Supp.2d 185, 189-90 D.N.J. 2006). Accordingly, his suit should be dismissed.[1]

---

[1] Even if the Court construes Plaintiff's claim as one challenging the denial of his transfer request, as noted, Plaintiff has not properly advanced that claim pursuant to an action that overcomes sovereign immunity. Moreover, Plaintiff is currently incarcerated in Texas, and he made his transfer

In the remainder of his opposition brief, Plaintiff admits that he made his probation officer aware of his complaint concerning the accuracy of his presentence report. Plaintiff also admits that he has had an unfettered opportunity to lodge complaints concerning his presentence report with prison authorities. However, Plaintiff has failed to address the deficiencies in his claims as identified by the Defendant. Accordingly, Plaintiff's suit clearly should be dismissed.

WHEREFORE, Defendant submits that its motion to dismiss should be granted.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

---

request in Texas. Accordingly, venue of such a claim would not be proper in the District of Columbia. See 28 U.S.C. § 1391; In re Pope, 580 F.2d 620, 622 (D.C.Cir. 1978).

## CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of January, 2007, I caused the foregoing Reply Memorandum to Plaintiff's Opposition Reply Brief to Defendant's Motion to Dismiss, to be served on Plaintiff, *Pro se*, by first-class mail, postage prepaid, addressed as follows:

WHITNEY BROWN
#42655-080
F.C.I. - BASTROP
P.O. Box 1010
Bastrop, TX 78602

/s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739