UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITNEY BROWN, )<br>)<br>         **Plaintiff** )<br>v. )<br>)<br>)<br>**BUREAU OF PRISONS,** )<br>)<br>)<br>         **Defendant.** )<br>_____) | Civil Action No. 06-1606 (GK) |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY
AND MEMORANDUM IN SUPPORT THEREOF**

The Defendant, through its counsel, the United States Attorney for the District of Columbia, respectfully moves to strike *Pro se* Plaintiff's Reply Memorandum to Defendant's Opposition to Plaintiff's Reply Brief Not to Dismiss (Dkt. 14). Despite its title, this document is nothing more than a Sur-reply and should be stricken because it was filed without leave of Court.

The docket for this case reflects that Plaintiff's filing is in effect a Sur-reply. On December 7, 2006, Defendant filed a Motion to Dismiss (Pacer Dkt. 10). Pursuant to a Court Order of December 8, 2006, Plaintiff was required to file his Opposition to Defendant's Motion to Dismiss no later than January 8, 2007 (Pacer Dkt. 11). On January 3, 2007, Plaintiff filed his Response to Defendant's Motion to Dismiss (Pacer Dkt. 12). On January 16, 2007, Defendant filed his Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. 13). On February 12, 2007, Plaintiff filed his Reply Memorandum to Defendant's Opposition to Plaintiff's Reply Brief Not to Dismiss (Pacer Dkt. 14). While Plaintiff styles this filing as a "reply," its context and content clearly reveal that it is really a sur-reply. See Dkt. 14, page 1 ("Plaintiff Respectfully Files This Reply Memorandum to Defendant's Reply Memorandum").

Because Plaintiff filed a Sur-reply without leave of Court, this document should be stricken and not considered by the Court. See Groobert v. President and Directors of Georgetown College, 219 F.Supp.2d 1, 13 n.2 (D.D.C. 2002) ("Although the Federal Rules of Civil Procedure and this district's Local Civil Rules are silent on this issue, it is standard practice for a party seeking to file a sur-reply to move the court for leave to file such a sur-reply.") (internal citations omitted); Jackson v. Strayer College, 941 F.Supp. 192, 193 n.1 (D.D.C. 1996) (rejecting plaintiff's sur-reply and noting that "[t]he Federal Rules of Civil Procedure and the rules of this Court do not provide for sur-replies as a matter of right, and the plaintiff has not moved this Court for, nor has the Court granted, leave to file the aforementioned sur-replies."). Plaintiff should not be permitted to achieve a procedural advantage by blatantly ignoring the Court's rules.

WHEREFORE, Defendant submits that Plaintiff's Sur-reply should be stricken.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498-610
UNITED STATES ATTORNEY

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
OLIVER W. MCDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of March, 2007, I caused the foregoing **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY, AND MEMORANDUM IN SUPPORT THEREOF** and proposed order, to be served on Plaintiff, *Pro se*, by first-class mail, postage prepaid, addressed as follows:

WHITNEY BROWN
#42655-080
F.C.I. - BASTROP
P.O. Box 1010
Bastrop, TX 78602

/s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739